## F. H. BALDWIN ET AL. V. CITY OF SAN ANTONIO.

### Decided February 16, 1910.

**1.—Appeal—Immaterial Assignments—Practice.**

Where on appeal no complaint is made of the amount of the verdict and judgment, assignments of error based upon the admission and exclusion of evidence as to the amount of damages will not be considered because immaterial.

**2.—Condemnation Proceedings—Appeal—Interest on Award.**

A city by proper and regular proceeding condemned a strip of land for street purposes; the owners of the land appealed from the award; the city made the deposit and executed the bond required by law and took possession of the land in controversy; upon trial of the appeal in the County Court a verdict was rendered against the city for a larger amount than the commissioners awarded. Held, that the owners were entitled to interest at the legal rate only on the difference between the amount of the award and the amount of the verdict from the date the city took possession of the land.

Appeal from the County Court of Bexar County. Tried below before Hon. P. H. Shook.

*Clinton Brown, F. C. Davis* and *Denman, Franklin & McGown,* for appellant.—The law allows the owner the value of the property at the time it is taken. The debt is then due, though an unliquidated demand or claim for damages, and bears interest from that date. Watkins v. Junker, 90 Texas, 597; Texas & P. Ry. Co. v. Tankersley, 63 Texas, 61; Snowden v. Shelby County, 102 S. W., 90; Drury v. Midland Railway Co., 127 Mass., 573; Chandler v. Jamaica Pond Aq. Co., 125 Mass., 545; Sioux City Ry. Co. v. Brown, 14 N. W., 407; Lewis Em. Dom., sec. 499.

*Joseph Ryan,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This case arises from proceedings instituted by the city of San Antonio by authority of section 98 of its charter for the purpose of appropriating a strip of land 139 4/10 feet long and 17 feet wide, which is definitely described in the ordinance passed by the City Council for that purpose, which was owned in common by the appellants, Julia A. Anderson, Frank H. Baldwin and J. N. Brown, in order to widen West Houston Street. Others than those whose names are just mentioned were made parties to the proceedings.

The appellants did not question the right of the city to condemn and take the property, the only issue being as to its value. The commissioners who were duly appointed to assess the damages, on May 25, 1907, awarded the appellants each the sum of $5,000, aggregating $15,000 damages. Whereupon the city, in accordance with the statutes (art. 4471, Rev. Stats. of 1895, as amended by the Acts of 1899, p. 105), deposited in the County Court of Bexar County, where the proceedings were pending, the sum of $30,500, being

double the amount of the entire damages awarded appellants as well as to two other parties to the proceedings, executed a bond, as required by the statute above referred to, conditioned for the payment of any further costs that might be adjudged against it, and on June 26, 1907, entered upon and took possession of the property. These appellants, being dissatisfied with the award, filed their objections thereto within the time prescribed by law, and appealed to the County Court, where the case was tried before a jury, who were instructed by the court to find what was the reasonable value of the property, with the improvements thereon, at the time it was actually taken. The jury found the value to be $17,700. The appellants then prayed the court that interest at the rate of six percent per annum from June 26, 1907, the time the property was actually taken, be adjudged in their favor upon the value of the property found by the jury. This the court refused, but entered judgment in favor of the appellants for the sum of $17,700, and ordered that said sum, together with the costs, be paid them by the clerk of the court out of the fund deposited by the city, from which judgment this appeal is prosecuted.

As none of the assignments of error complain of the valuation of the property assessed by the jury, we will not consider those assignments of error (Nos. 1 to 5 inclusive) which complain of the exclusion of testimony offered by appellants and of the admission of testimony introduced by appellee over their objections. For, as no complaint is made here of the verdict, the question as to whether such testimony was wrongfully excluded or admitted becomes purely academic.

The sixth assignment of error complains of the court's refusal to allow appellants interest on the value of the property as found by the jury from June 26, 1907, to date of the judgment, and of its failure to provide that the judgment should bear interest from its date. The contention of appellee is that, inasmuch as it made the deposit of the money and executed the bond, as required by the Act of April 15, 1899, amending article 4471 of Revised Statutes of 1895, the appellants are not entitled to interest from the date of the taking of their property.

The general rule is that, where land is taken by right of eminent domain, the owner ordinarily is entitled to recover interest from the date of its taking. (Sedgwick on Damages, sec. 318.) As is said by Chief Justice Shaw, in Parks v. Boston, 15 Pick., 198, taking of land under such right is equivalent to a purchase, and the delay in payment must be compensated by interest. And it is said by Lewis on Eminent Domain, sec. 499, that: "Where, pending an appeal, the party condemning deposits the damages awarded and takes possession, if the owner secures an increase of the award, he should have interest on the whole award from the date of possession." The decisions cited by the author, in so far as they are accessible to us, seem to proceed upon the principal that, when the Constitution provides that private property can only be taken for public use, against the consent of the owner or owners, by actually making or providing just compensation therefor, and that when the damages assessed on appeal are greater than the damages found by the award appealed from, to permit the taking

of private property for a public use upon the payment of the sum of money first awarded as damages would be without making or providing just compensation therefor. And for that reason the owner of the property taken in violation of the Constitution should have interest upon its full value from the time it was taken until the time such value is finally determined on appeal.

But the Constitution of this State (article 1, section 17) provides that: "No person's property shall be taken . . . for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made or secured by a deposit of money."

It is provided by article 4471, Revised Statutes of 1895, as amended by the Act of April 15, 1899, that: "In no case shall such corporation be entitled to enter upon and take the property condemned without first having paid whatever amount of damages and costs may have been awarded or adjudged against it by such commissioners, or deposited money to cover the same in the court wherein such condemnation proceedings are pending. But if the plaintiff in the condemnation proceedings should desire to enter upon and take possession of the property sought to be condemned pending litigation, it may do so at any time after the award of the commissioners upon the following conditions, to wit:

"First. It shall pay to the defendant the amount of damages awarded or adjudged against it by the commissioners, or deposit the same in money in court, subject to the order of the defendant, and also pay the costs awarded against it.

"Second. In addition thereto, it shall deposit in said court a further sum of money equal to the amount of the damages awarded by the commissioners, and which shall be held, together with the award itself (should it be deposited in court instead of being paid), exclusively to secure all damages that may be awarded or adjudged against the plaintiff; and it shall also execute a bond with two or more good and solvent sureties, to be approved by the judge of the court in which such condemnation proceedings are pending, conditioned for the payment of any further costs that may be adjudged against it, either in the court below or upon appeal."

This statute, if complied with in accordance with the constitutional provision referred to, gives full security to the owner, by a deposit of money, for the taking of his property. In this case appellants' pleadings show a compliance by the city with the provisions of the statute quoted. "The almost unbroken line of decision is that there is no valid objection to a statute like ours, which permits the condemning party to pay the assessed damages into court for the use of the land-owner, and that such payment is equivalent to a tender, and confers a license to take possession even when an appeal is prosecuted." See Consumers' Gas Trust Co. v. Harless, 15 L. R. A., 505, and authorities cited at page 508.

Of the sum of money deposited by the appellee before taking the property, the appellants only had the right to take the sum of $15,-000. To that extent it was an equivalent to a tender; but they had

no right to take the $2,700 found by the jury in excess of the amount of the award appealed from. As one to whom money is owing is not, after payment thereof has been legally tendered him, entitled to recover interest thereon, we hold that appellants were not entitled to recover any interest on $15,000 of the sum, $17,700, adjudged them on appeal; but as to the balance, $2,700, they are entitled to recover interest thereon at the rate of six percent per annum from June 26, 1907, to this date. The judgment of the County Court will be so modified as to allow them such interest on said amount, and, as thus modified, it will be affirmed.

*Modified and affirmed.*