TEXARKANA & FT. S. RY. CO. v. BRINK-
MAN. (No. 1379.) *

(Court of Civil Appeals of Texas. Beaumont.
Oct. 28, 1926. Rehearing Denied Nov. 10,
1926.)

1. Eminent domain ⟊247(2)—Defendant held
entitled to interest on award from date of
award by commissioners, from which appeal
was taken by both parties (Const. art. 1, §
17; Rev. St. 1925, art. 3268).

Where plaintiff, in condemnation proceed-
ings, took possession after judgment of con-
demnation, and both parties appealed from
award, held, under Const. art. 1, § 17, and Rev.
St. 1925, art. 3268, defendant was entitled to
interest on award finally made from date of
award by commissioners.

2. Eminent domain ⟊247(2)—Constitutional
guaranty of "adequate compensation" entitles
owner of condemned property to interest on
award from time of taking (Const. art. 1, §
17).

"Adequate compensation" for taking of
property guaranteed by Const. art. 1, § 17, en-
titles owner to interest on amount awarded at
legal rate from time of taking.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Adequate
Compensation.]

3. Damages ⟊125—Interest at legal rate is
measure of damages for detention of money.

Compensation for the detention of that
which is due on account of injury inflicted is an
element of damages necessary to complete in-
demnity of injured party, and, by analogy, inter-
est at legal rate is measure of damages for de-
tention of money.

4. Eminent domain ⟊247(1)—On appeal from
commissioners' award, failure to submit to
jury question of defendant's right to interest
held not to preclude allowance thereof; the
right being matter of law.

On appeal from award of commissioners in
condemnation proceeding, defendant's right to
interest on award was a matter of law, such
that failure to submit that question to jury did
not preclude allowance.

5. Appeal and error ⟊930(3)—Finding of fact
by court necessary to support judgment will
be presumed, where issue was not submitted
to jury.

Finding of fact by court necessary to sup-
port judgment will be presumed, where issue
was not submitted nor requested by either party.

6. Eminent domain ⟊247(4)—Defendant's
right to interest after appeal from award of
commissioners held not limited to interest on
amount by which final award exceeded com-
missioners' award (Rev. St. 1925, art. 3268).

In condemnation proceeding, where both
parties appealed from award of commissioners,
plaintiff making the deposit in court required by
Rev. St. 1925, art. 3268, held defendant's right
to interest on award finally made was not lim-
ited to interest only on the amount awarded in

excess of award of commissioners appealed
from.

7. Eminent domain ⟊263—Plaintiff, appealing
from award, held to make deposit in court re-
quired by statute at own risk, and court's re-
fusal to credit deposit on final award was not
error (Rev. St. 1925, art. 3268).

In condemnation proceedings, where both
parties appealed from award of commissioners,
plaintiff making deposit required by Rev. St.
1925, art. 3268, held such deposit was made at
plaintiff's risk and remained the property of
plaintiff; hence court properly refused to direct
that amount of such deposit should be credited
as against final award.

8. Tender ⟊26—Payment into court, as con-
dition precedent to affirmative relief, does not
transfer title to adverse party.

A party, making a tender or payment into
court as condition precedent to affirmative re-
lief, does not transfer title to adverse party.

9. Eminent domain ⟊257—Failure of party
appealing, in condemnation proceedings, to
serve citation required by law, held waived by
appearance.

In condemnation proceedings, where both
parties appealed from award of commissioners,
failure of defendants to have issued and served
citation required by law held waived by volun-
tary appearance of plaintiff.

10. Eminent domain ⟊262(1)—Cross-assign-
ments of error on appeal in condemnation pro-
ceedings held not entitled to consideration
(district and county court rule 101).

Where cross-assignments of error on ap-
peal in condemnation proceedings were not
brought up in transcript nor shown to have
been filed in court below, as required by district
and county court rule No. 101, they were not en-
titled to consideration.

Appeal from Jefferson County Court; C. N.
Ellis, Judge.

Condemnation proceedings by the Texar-
kana & Ft. Smith Railway Company against
H. E. Brinkman. From a judgment of the
county court on appeal by both parties from
an award of the Commissioners, plaintiff ap-
peals. Affirmed.

Orgain & Carroll, of Beaumont, for appel-
lant.

Oliver J. Todd, of Beaumont, for appellee.

O'QUINN, J. This is an appeal from a
judgment in condemnation proceedings. Ap-
pellant filed its petition in the county court
at law of Jefferson county, Tex., for the con-
demnation of certain land belonging to appel-
lee, on May 9, 1917. Commissioners were du-
ly appointed, and, after notice and hearing,
on May 19, 1917, awarded damages to appel-
lee in the sum of $1,000. On May 26, 1917,
appellee filed his exceptions to the award on
various grounds, among which was that the
amount awarded for the land condemned was
insufficient, in that he should have had

awarded him the sum of $5,000 for the land actually taken, and the further sum of $15,000 as damages to his remaining lands, and prayed that the cause be set for hearing, and that, upon a final hearing of same, he have judgment for damages in the sums claimed by him. Appellant, on May 29, 1917, also filed its exceptions to the award, on the ground that the award of $1,000 was excessive, in that the value of the land actually taken was only $350, and prayed that, upon a final hearing, appellee be awarded compensation for the property taken in a sum not to exceed $350.

On May 21, 1917, appellant, desiring to go into immediate possession of the property condemned, paid the costs awarded against it, and deposited the sum of $2,000 in the county court, and made bond for the payment of any further costs that might be adjudged against it, as required by law (article 3268 [6530] Revised Civil Statutes 1925), and took possession of the land condemned.

The cause remained pending in the county court, and, after various amendments to their pleadings by the parties, on July 24, 1925, was duly tried before the court with the aid of a jury, and judgment rendered awarding to appellee the sum of $5,520 ($900 for the land actually taken, and $4,620 as damages resulting to the remainder of appellee's land), with interest on said sum at the rate of 6 per cent. from May 19, 1917, the whole amounting to $8,215.60, with interest on same at the rate of 6 per cent. per annum from the date of said judgment. Motion for a new trial was overruled, and the cause is before us on appeal.

[1] Appellant's first five assignments complain that the court erred in rendering judgment against it for interest on the award from May 19, 1917, the date of the award by the commissioners, to July 24, 1925, the date of the judgment appealed from.

The interest adjudged amounted to $2,695.60. The case was submitted to the jury on special issues. The question of interest was not submitted to the jury, nor was there any request that it be done. Appellee, defendant below, in his answer upon which the case was tried, pleaded for interest, and prayed that he have judgment for same. The assignments are overruled. While the statute prescribing the measure of damages for the condemnation of lands is silent as to interest, there is no good reason why interest may not be recovered as in other cases of appropriation. Railway v. Kirby (Tex. Civ. App.) 108 S. W. 498. Moreover, the Constitution of this state (article 1, § 17), provides that no person's property shall be taken for, or applied to, a public use without adequate compensation being made, unless by the consent of the owner, and that, when taken, except for the use of the state, such compensation shall be first made or secured by a deposit of money. Article 3268 (6530), Revised Civil Statutes 1925, provides that, if the plaintiff in condemnation proceedings should desire to enter upon and take possession of the property sought to be condemned pending litigation, it may do so at any time after the award of the commissioners, by paying to the defendant the amount of the damages awarded against it by the commissioners, or by depositing the same in the court subject to the order of the defendant, and paying the costs awarded against it, and in addition depositing a further sum of money equal to the amount of the damages awarded, which shall be held, together with the award itself, should it be deposited in court instead of being paid, exclusively to secure all damages that may be awarded against the plaintiff, and also executing a bond with two or more good and solvent sureties, to be approved by the judge of the court in which said condemnation proceedings are pending, conditioned for the payment of any further costs that may be adjudged against it, either in the court below or on appeal. Both plaintiff and defendant in the instant proceeding filed exceptions to the award of the commissioners, and the plaintiff, appellant, complied with the requirements of the law above mentioned and took possession of the property.

[2, 3] The cause stood upon the docket of the court for trial from the date of the award and filing of the exceptions by the parties until July 24, 1925, when same was tried and the judgment complained of rendered. The rule is well settled that in such case the "adequate compensation" provided by the Constitution and laws entitles the owner of the property condemned to interest on the amount awarded at the legal rate from the time of taking possession of the property. Baldwin v. City of San Antonio, 59 Tex. Civ. App. 262, 125 S. W. 596; Railway v. Kirby (Tex. Civ. App.) 108 S. W. 498; Fell v. Union Pacific Railway, 32 Utah, 101, 88 P. 1003, 28 L. R. A. (N. S.) 1, 13 Ann. Cas. 1137; Lough v. Railway, 116 Iowa, 31, 89 N. W. 77; Lewis on Eminent Domain (3d Ed.) vol. 2, § 742; 20 C. J. p. 807; 10 R. C. L. p. 163; 10 A. & E. Ency. of Law (2d Ed.) 1185; Elliott on Railroads (2d Ed.) § 1006. Compensation for the detention of that which is due on account of injury inflicted is an element of damages necessary to the complete indemnity of the injured party; and the courts have, by analogy, adopted the legal rate of interest fixed by the statute as the measure by which to be governed in assessing damages for the detention of money. Watkins v. Junker, 90 Tex. 584, 40 S. W. 11. The undisputed facts showing that appellee was entitled to interest as damages, it was so as a matter of law, and the court did not err in so adjudging. Watkins v. Junker, supra.

[4] But appellant insists that, as appellee had pleaded that he was entitled to interest

on the award, and had prayed for judgment for same, and as the question of appellee's right to interest was not submitted to the jury, nor was its submission requested by appellee, therefore appellee had waived his claim for interest, and the court erred in rendering judgment for same. The contention cannot be sustained. In Watkins v. Junker, 90 Tex. 588, 40 S. W. 12, it is said:

"If interest be properly an element of damages in any case, then it is so as a matter of law. Whether the case is such that the law makes it applicable is a question of fact for the jury, but whether or not it is to be allowed if the facts exist is a question of law, that should not be left to the jury."

[5] The facts are without dispute that appellant wanted a right of way across appellee's land, brought suit to condemn same, secured a judgment of condemnation, but appealed from the award, and exercising its right under the law deposited with the court in which the condemnation proceedings were pending the required sum, together with a bond for costs, and immediately took possession of the condemned property pending its appeal from the award. Under these facts, according to the general rule of law, appellee was entitled to interest on the award finally rendered for the condemned property from the time of the original award by the commissioners, and it was a matter of law for the court to adjudge. Moreover, if it could be said under the facts that it was a question of fact for the jury, as there was no such issue submitted to the jury and none requested by either party, therefore, if such finding was necessary, it must be presumed that the court made such finding to support the judgment. Moore v. Pierson, 100 Tex. 117, 94 S. W. 1132.

[6] By its sixth assignment, appellant says that, if appellee was entitled to interest as a part of the damages, he was entitled to interest only on the amount above the $1,000 awarded by the commissioners, which amount was deposited by appellant with the court. In other words, that the $1,000 awarded appellee as damages by the commissioners having been deposited in the court by appellant subject to appellee's order, appellee was not entitled to interest on that sum pending the appeal and final award.

The assignment is overruled. The amount of the award by the commissioners, $1,000, was deposited in the court, not as a payment of said award, but in compliance with the law permitting appellant to go into possession of the property condemned pending final determination of the condemnation proceedings on appeal. Both parties had filed exceptions to the award of the commissioners, and the appellant could not take possession of the property pending the appeal but by making the deposit as required by article 3268 (6530), Revised Civil Statutes, and appellee could not have accepted the deposit and received the same without abandoning his appeal, and, had he been willing to abandon his appeal and accept the award, still he could not have done so, for the reason that appellant had also filed its exceptions to the award and continued prosecution of its appeal. The case of Baldwin v. City of San Antonio, 59 Tex. Civ. App. 262, 125 S. W. 596, cited by appellant, is not in point, because the deposit in the instant case was not intended as an unconditional tender of the award, but to enable appellant to immediately take and hold possession of the property condemned during the appeal. In the cited case, the condemning party was willing to abide the award and made the deposit as a tender, but the defendant filed exceptions to the award and prosecuted his appeal. Here both parties appealed and each prosecuted the appeal.

[7, 8] Appellant's seventh assignment asserts that the court erred in not allowing and ordering as a credit upon the sum of the final award, $5,520, the $2,000 deposited by it with the court at the time of the award by the commissioners, and insists that same should be credited against said final award. Article 3268 (6530), Revised Civil Statutes, provides that the award and a like amount must be deposited in the court, "which shall be held, together with the award itself, * * * to secure all damages that may be awarded or adjudged against the plaintiff." The intent of the law is clear, we think, that the deposit should not be paid to the defendant pending the further proceedings of the cause on appeal. City of Rosebud v. Vitek (Tex. Civ. App.) 210 S. W. 728. We think the ownership of the money deposited with the court remained in appellant after the deposit was made while the cause was pending on appeal. There is nothing in the statute that would compel appellee, the landowner, to take the risk of the deposit made with the court pending his appeal. The appellant was seeking affirmative relief (the condemnation and possession of the land), and, as a condition precedent to obtaining that relief, it was essential that it deposit the amount of the award with the court pending the further proceedings on appeal. The rule is that, where one is not defending against a claim, but is seeking affirmative relief, to do which, as a condition precedent, it is essential that he tender an amount due, the payment of the money tendered into court does not transfer the title to the other party, but it remains in the one making the tender, subject to the final outcome of the suit. 26 R. C. L. p. 658. This being true, then the money deposited with the court remained appellant's money, and remained so deposited at appellant's risk, and the appellant was not entitled to have same credited against the final award against it. Blackshire v. A., T. & S. F. Railway, 13 Kan. 514, 27 Pac. St. Rep. 382.

[9] By its eighth assignment, appellant as-

serts that the court erred in refusing to give to the jury its special requested charge No. 2, instructing the jury, in effect, that, as the undisputed evidence shows that, after the award of $1,000 was made by the commissioners and after appellee had filed his exception thereto, appellee did not, within four years after the filing of said exception, cause to be issued and served upon appellant a citation as required by law, requiring it to answer in said cause, appellee's right, if any it had, to have the award made by the commissioners set aside, was barred by the statute of four years' limitation.

The assignment is overruled. The commissioners made their award on May 19, 1917, which was filed with the county clerk on the same day. Appellee, Brinkman, filed his exception to the award May 26, 1917. He did not in terms pray for citation to issue to appellant, but did pray "that said cause be set down for hearing in this court, and that on final hearing hereof he have judgment. * * *" On May 29, 1917, appellant also filed its exception to the award, wherein it stated that it refused to abide said award, and prayed "that the defendant, H. E. Brinkman, shall be cited to appear herein," but the record does not disclose that any citation was ever issued or further requested by appellant. However, the cause remained pending on the docket because of the appeal of both parties, and both parties appeared and from time to time filed amended pleadin ; upon which the cause was tried and judgment rendered on July 24, 1925. Both parties appealing from the award, and both appearing in court and amending their pleadings and participating in the trial, surely it cannot be said that they were not in court, though not cited; they had waived citation and voluntarily entered their appearance.

By its ninth assignment, appellant contends that, as no citation was issued and served upon it within two years from and after the appellee filed his exception to the award, appellee's right, if any, to have the award of the commissioners set aside, was barred by the two years' statute of limitation. What we have said in discussing appellant's eighth assignment above disposes of this assignment.

[10] Appellee presents and urges propositions based upon four cross-assignments of error (1) denying the right of appellant to condemn the land; (2) challenging the sufficiency of plaintiff's petition in condemnation; (3) assailing the court's charge; and (4) the refusal of the court to give a special charge by him requested. We cannot consider the cross-assignments. They are not brought up in the transcript, and there is nothing in the record to show that they were ever filed in the court below, as provided in the rules for briefing. Rule for district and county courts

101; Ross v. Moore (Tex. Civ. App.) 191 S. W. 856 (writ refused); W. S. Moody Cotton Co. v. Heard (Tex. Civ. App.) 243 S. W. 594.

The judgment should be affirmed, and it is so ordered.

Affirmed.