## RAINS COUNTY v. SPEARS et al.
### No. 4941.

Court of Civil Appeals of Texas. Amarillo.
Oct. 24, 1938.

Weldon F. Johnson, of Levelland, and J. A. Amis, Jr., of Emory, for appellant.

J. Farris Fish, of Matador, for appellees.

STOKES, Justice.

On the 5th of November, 1927, John T. Rushing as county judge and commissioner for appellant, Rains County, under proper orders of the commissioners' court, conveyed to Charles C. Crenshaw the land involved in this action, being a portion of the school lands of Rains County, located in Hockley County. The land consisted of several tracts and separate deeds were executed. As consideration for each conveyance, Crenshaw executed a separate note, payable to the order of the county treasurer of Rains County and vendor's liens were retained in the deeds to secure the payment of the notes. In addition to the vendor's lien, Crenshaw executed separate deeds of trust to secure the payment of the purchase money as evidenced by the notes, naming John T. Rushing as the trustee.

Charles C. Crenshaw thereafter conveyed a portion of the land to J. L. Smallwood who conveyed it to appellee J. T. Spears. On the 1st of December, 1927, Crenshaw conveyed one of the tracts to appellee Thomas Spears. Each of the appellees, as part of the consideration, assumed payment of the note that had been given by Crenshaw as part of the original purchase price of the tract purchased by him. These notes were of even

date with the deeds, due and payable forty years after date, and bore interest at the rate of 5% per annum from date, the interest payable on December 1, 1927, and annually thereafter, provision being made for accelerated maturity in the event of failure to pay any installment of the interest when due.

There is no showing in the record before us as to whether or not John T. Rushing was ever legally supplanted as trustee further than an intimation in the trustee's deed hereinafter discussed that his term of office expired and that he was deceased. It is not shown whether the term of office referred to was that of county judge or trustee, but on the 18th of June, 1935, an order was passed by the Commissioners' Court appointing Joel W. Lennon, who was then county judge of Rains County, as substitute trustee of the lands and all interest that Rains County had in Hockley County, his authority being to do any and all things necessary to protect the interests of Rains County in the lands located in Hockley County or elsewhere; to execute deeds, issue receipts for moneys collected, make extensions, transfers and all things legal that pertained to the control and management of such interests.

Appellees having made default in the payment of some of the installments of interest, the Commissioners' Court of Rains County, on the 19th of December, 1935, directed Joel W. Lennon as substitute trustee to post notices and sell, under the terms of the deeds of trust, ten tracts of land that had been sold in like manner and for which notes representing the purchase price had been given, which order included the tracts involved in this suit. The sale was made by the trustee at public outcry as provided by the deeds of trust, on the 4th of February, 1936, and appellant, Rains County, being the highest and best bidder, was declared the purchaser. Trustees deeds were executed by Joel W. Lennon conveying the land to appellant on the 26th of February, 1936.

This suit in trespass to try title was afterwards filed by appellant Rains County against appellees, J. T. Spears and Thomas Spears, together with two other defendants who disclaimed and who will, therefore, not be further mentioned. Appellees answered by general demurrer, general denial, plea of not guilty and by a cross-action, the nature of which is not material to the issues involved in this appeal. By agreement of counsel only one special issue was submitted to the jury, which was as follows:

"Do you find from a preponderance of the evidence that notices of sale were posted in three public places in Hockley County, Texas, advertising the sale of the lands involved in this suit? Answer Yes or No."

The jury answered the special issue in the negative and judgment accordingly was rendered by the court in favor of appellees.

The controlling issue presented in this court involves the question of the correctness of the judgment under the evidence. The deeds of trust contained a provision to the effect that in any deed or deeds executed by the trustee, any and all statements of fact as to the non-payment of the money secured, request to sell, time, place and terms of the sale, publication of notices or any other act or thing having been done by the trustee or substitute trustee should be taken by any and all courts of law and equity as prima facie evidence that such statements or recitals were true and, without further question, should be accepted. In the trusteee's deeds, the following statement appears:

"And, whereas, pursuant to said request and to the provisions of said deed of trust, I proceeded to sell said property at public auction * * * after having given public notice of the time, place and terms of such sale as prescribed by the terms of said deed of trust and after first posting written notices thereof for three consecutive weeks prior to the day of sale in three public places in said county, one of which was posted at the courthouse door of said county * * *".

Appellees contended that the notices were not posted as required by the deeds of trust and any sale made by the trustee, in the absence of compliance with such provision, was void. To establish the facts involved in this contention, appellant introduced the deeds of trust and the statements above quoted, which were included in each of the deeds executed by the trustee. Appellees contend and the jury, in effect, found that the prima facie case made in this way by appellant was overcome by the testimony in rebuttal thereto adduced by them. The question to be decided is, therefore, whether or not the testimony offered by appellees was sufficient for that purpose. Three witnesses were introduced by ap-

pellees, the first being the ex-sheriff of Hockley County, who was in office during the time the notices were supposed to have been posted, who testified, in effect, that from day to day he had occasion to observe the bulletin board in the courthouse and that he did not remember ever having seen on the board any notices of the sale of the Spears land. He said he had ocasion to look over the board every week or two. He did not say that he had never seen any such notices, but that he did not remember having seen them. He said, however, that he likely would not remember it if he had seen them. The next witness testified, in effect, that he had lived on the Spears land since 1929 and that during the first part of the year 1936 he had occasion to go to the courthouse in Hockley County to see if the Spears land was posted for sale and that he did not find any such notice posted there. He was not definite as to the time, but said it was along in January. He said he was interested in the matter because he was a tenant on the place and desired to know whether he would be put off of it. The only other witness who testified in regard to this matter was W. B. Williams whose sons lived on the Spears land during the year 1936. He testified that he came to the courthouse and looked to see if there were any notices posted in regard to the sale of the Spears land and that he found none. He likewise was not certain as to the time of the year he made the investigation but said that "it was along the first part of the year."

In the assignments of error presented by appellant the contention is made that this testimony was not sufficient to overcome the prima facie case made by it when it introduced the deeds of trust and trustee's deeds containing the provisions and declarations above mentioned and, further, that the testimony, in practical application, amounted to no testimony whatever. It contends, therefore, that its motion for an instructed verdict should have been granted and the court committed reversible error in refusing to do so.

It has consistently been held by the courts of this state from an early day that the burden of proof remains upon the party affirming a fact in support of his case and does not change in any aspect of the law, though the weight of the evidence may shift from side to side, according to the nature and strength of the proof offered in support or denial of the facts involved. Clark v. Hills, 67 Tex. 141, 2 S.W. 356; Gillespie v. Gillespie, Tex.Civ.App., 110 S.W.2d 89; Beaty v. El Paso Electric Co., Tex.Civ.App., 91 S.W. 365.

Under the rule announced in the foregoing and many other cases, appellant had the burden of establishing the fact that notices of the sale were published in accordance with the provisions of the deeds of trust. It established this fact, prima facie, when it introduced the deeds of trust and the trustee's deeds containing the provisions and declarations heretofore mentioned. If appellees had not introduced any testimony, the prima facie case thus made would have been complete and the duty would have devolved upon the trial judge to instruct the jury to return a verdict in its favor. We cannot assent to the assertion of appellant that the testimony of appellees' witnesses amounted to no testimony, but we are of the opinion that the testimony as given by them was not sufficient to form the basis of a verdict and judgment in appellees' favor. The statements of the witnesses in regard to their investigations concerning the notices were admissible as evidence of circumstances to be considered by the jury along with any other evidence as to the actual failure of the trustee to post the notices but, standing alone, this testimony is not, in our opinion, of sufficient probative force to destroy the positive statements made by the trustee in the deeds which he executed and delivered to appellant after the sales were made. Appellant made no effort to bolster its prima facie case, but stood upon that which could have been destroyed by positive evidence of the fact in issue. There being no such positive evidence offered by appellees; but their testimony consisting only of the indefinite and uncertain statements made by their witnesses as above detailed, the jury was not warranted in returning a verdict to the effect that the notices were not posted as provided by the deeds of trust. Likewise the court was not warranted in rendering a judgment in favor of appellees based only upon such testimony and for the error in doing so, the judgment will have to be reversed. Baker v. Loftin et al., Tex.Com. App., 222 S.W. 195; Missouri Pac. Ry. Co. v. Porter, 73 Tex. 304, 11 S.W. 324.

Appellant insists that judgment should be here rendered in its behalf, but we are not prepared to say that the case

has been fully developed. Neither can we say there is no reasonable probability of its being strengthened on behalf of both parties upon another trial. Starkey v. Wooten Grocery Co., Tex.Civ.App., 143 S.W. 692.

For the error discussed, the judgment is reversed and the cause remanded.