**CITY OF AMARILLO, Appellant,**

v.

**A. G. ATTEBURY, Appellee**

No. 6680.

Court of Civil Appeals of Texas.
Amarillo.

May 27, 1957.

Rehearing Denied June 24, 1957.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

Alton M. Reeder, Amarillo, Gillis A. Johnson, Fort Worth, for appellee.

NORTHCUTT, Justice.

This is a condemnation suit instituted by the City of Amarillo against A. G.

Attebury seeking to acquire the title to 234.123 acres of land belonging to Mr. Attebury and situated in Section 74, Block 2, A. B. & N. Survey in Potter County, Texas. According to the submission of this case, Mr. Attebury owned a tract of land consisting of 327.075 acres. After taking the 234.123 acres in question there were two small tracts left for Mr. Attebury. One piece contained 64.342 acres and the other 28.61 acres. The special commissioners appointed by the court to assess the damages sustained by Mr. Attebury assessed such damages at the sum of $80,609.62, and on November 23, 1955, the City of Amarillo deposited that sum of money with the County Clerk, but Mr. Attebury refused to accept said sum, and the usual steps were taken in court and the matter of damages submitted to a jury. The jury found the market value of the 234.123 acres of land on November 23, 1955, considered as severed land, was $152,179.95; and that the market value of the 28.61 acres, immediately before the 234.123 acres were taken, was $18,596.50, and immediately after the taking was $9,598.25, and that the market value of 64.342 acres, immediately before the 234.123 were taken, was $41,822.30 and immediately after the taking was $16,728.92. The trial court granted judgment in favor of Mr. Attebury for his damages as found by the jury in the sum of $186,571.58, and in addition thereto granted him interest from November 23, 1955, at the rate of six per cent per annum upon the difference between $186,571.58 and the $80,609.62 deposited with the County Clerk by the City of Amarillo. From this judgment the City of Amarillo perfected this appeal. The sole question involved was the amount of damages.

■ By appellant's first three assignments of error, it complains of the argument made by appellee's attorney while addressing the jury. Appellee contends that if the arguments complained of were made the appellant should not be heard upon those points because the arguments were not presented by proper bills of exception. We are familiar with the holdings that such matters should be presented by bills of exception, but since in this case, the trial court has certified as to the correctness of arguments made by counsel we will pass upon such matters. The three assignments are as follows:

"Point No. One

"The trial court erred in allowing Appellee's counsel to comment in jury argument, over Appellant's objection, on Appellant's failure to produce as a witness Robert McNaughten, a person who was not under Appellant's control, who was equally available to Appellee, and whose testimony would have had a bearing on an issue upon which Appellee had the burden of proof. (Assignment of Error No. I, Motion for New Trial, Tr. 57.)

"Point No. Two

"The trial court erred in overruling Appellant's motion for a mistrial relating to other improper jury argument by Appellee's counsel, all of which was inflammatory and immaterial, yet calculated to be so prejudicial that it could not be corrected by the court's instruction to disregard. (Assignment of Error No. II, Motion for New Trial, Tr. 57–58).

"Point No. Three

"The trial court erred in overruling Petitioner's fourth motion for a new trial because the cumulative effect of all improper jury arguments of appellee's counsel resulted in prejudice against the Appellant and constituted reversible error (Assignment of Error No. III, Motion for New Trial, Tr. 58–59)."

In the first point of error appellant contends that the trial court erred in permitting appellee's attorney to comment, over

appellant's objection, on the failure of appellant to produce as a witness Robert McNaughten, who was not under appellant's control but was equally available to appellee, and whose testimony would have had a bearing on an issue upon which appellee had the burden of proof.

■ In the trial of a case, a party on whom rests the burden of proof (meaning, in its proper sense, the burden of proving the issue in controversy to the degree required therein, the degree varying according to the nature of the case, from preponderance of the evidence to clear and convincing proof), usually introduces some substantial evidence to prove the issue in controversy before resting. The character of this evidence may be such as to bring into operation a procedural rule of law, called a presumption. In other words, when certain evidentiary facts are before us, resort to reason tells that the ultimate fact in issue is proved one way or the other; or, in other words, we infer from such evidentiary facts, an ultimate fact. If the evidentiary facts are such as either strongly designate the ultimate fact, or public welfare requires the ultimate fact to be considered as arising as a consequence of those evidentiary facts, a presumption, or procedural rule of law, is applied.

■ The presumption or procedural rule of law is that the opposing party then has the burden of going forward with the evidence; or, in simple terms, the court, in effect, says to the opposing party: orderly procedure now requires that you introduce evidence either showing, or from which it may be inferred what the ultimate is; if you fail or refuse to introduce such evidence, you do not comply with the orderly procedure, and as a consequence the ultimate fact will be found to be that which the evidentiary facts now indicate it to be. If the opposing party complies with the presumption or procedural rule of law, and introduces evidence, the presumption thereafter has no application, or function, and disappears entirely. The trial court instructed the jury that the burden was upon

Mr. Attebury to prove the amounts inquired about in the special issues. We realize that persons interested in the sale of any property might be prejudiced to a certain extent; but in cases of this kind, we know of no better way of arriving at the value of a piece of property than to consider the sales of other like or similar property in the same or nearby locality. When appellee showed the sale of the Mathes 80 acres of land for a thousand dollars per acre, we think the presumption would be that that was one of the items to be considered in arriving at the value of other similar property in that vicinity. In connection with the sale of the Mathes tract, appellant by cross-examination continued to inquire about the necessity of McNaughten to buy this particular property. Appellee proved the sale, and we do not think that appellee had to prove that McNaughten was not under necessity to buy but if the appellant wanted to show that the purchaser was under necessity to buy the weight of the evidence was shifted to appellant on this point. It is stated in Rains County v. Spears, Tex.Civ.App., 120 S.W. 2d 867, 869, and other cases there cited:

> "It has consistently been held by the courts of this state from an early day that the burden of proof remains upon the party affirming a fact in support of his case and does not change in any aspect of the law, though the weight of the evidence may shift from side to side, according to the nature and strength of the proof offered in support or denial of the facts involved."

After appellant had consistently attempted to show in its cross-examination that McNaughten was under necessity to buy the Mathes property but did not offer McNaughten or anyone to show McNaughten was under necessity to buy this particular property, while appellee's attorney was presenting his argument to the jury he stated:

> "We proved that that land was sold and that it was in every sense comparable to the Attebury property, with the possible exception that it did not have

any trackage . . . may be that makes it less valuable or more valuable, I do not know because I am not expert. But we proved that sale and that it was comparable property, and when we did that we carried out the burden that has been cast upon us by the charge of the court, and if they didn't want to let it go at that they should have brought the man in to rebut the proof."

■ The trial court rightfully placed the burden of proof upon appellee, and when appellant attempted to show an item of proof was not sufficient to be considered because the purchaser was under necessity to buy, we think the argument made by appellee's attorney was legitimate but should we be wrong in such holding, nevertheless, as stated by the Supreme Court in the case of Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596, 599:

"Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case."

See also City of Mart v. Hasse, Tex.Civ. App., 281 S.W. 318. The sole question to be determined being the market value of the 234.123 acres taken and the difference in the market value, before and after taking the 234.123 acres, of the two tracts of land not taken, and the jury's verdict being very reasonable according to the testimony introduced, since the jury verdict was from two hundred to three hundred fifty dollars per acre less than part of the testimony before the jury, we cannot say that the arguments complained of were reasonably calculated to cause and probably did cause the rendition of an improper judgment. We have not copied all the arguments complained of but what we have said apply to appellant's first three points of error, and the same are overruled.

■ By Appellant's point four it contends the court erred in admitting into evidence, over appellant's objections, and not overruling appellant's motion to withdraw, references that noise and vibration due to the subsequent use of the tract condemned was an element of damage to be considered by the jury because such damage, if any, is too speculative, conjectural and remote to be ascertained with reasonable probability. Since so much of this testimony here objected to was not objected to at the time the same was offered and especially since appellant also went into the question of vibration, we do not believe the appellant should now be heard to complain. Appellant's witnesses, as well as appellee's, substantiated the value of the land remaining, after the taking, to be fifty per cent of the value before the taking. We are of the opinion that such noise and vibrations was proper in showing the depreciation of the land not taken. Ft. Worth & D. S. P. Ry. Co. v. Gilmore, Tex.Civ.App., 2 S.W.2d 543 and cases there cited. Appellant's fourth assignment overruled. We think what we have said above also disposes of appellant's point five and it should be overruled.

■ Concerning appellant's point six to the effect that the verdict of the jury was excessive, we think it is well settled as to the rule in this state that if there is evidence of probative value to sustain the finding of the jury, the appellate court is bound by such findings. Lynch v. McLendon, Tex.Civ.App., 283 S.W.2d 88 and the cases there cited. The testimony in this case, as to value, ranged up to a thousand dollars per acre, and regardless of what this court may think of the value— the trier of the facts, the jury, determined the value at $650.00 per acre, and we think upon sufficient evidence. Appellant's point six is overruled.

■ By appellant's seventh, and final, point of error it contends the trial court erred in commencing interest on the difference between the verdict of the jury and the award of the Special Commissioners from the date of the deposit of the award

with the County Clerk. This case was tried by agreement and under instructions of the court as to the damages being determined as of November 23, 1955. The City of Amarillo filed its petition of condemnation proceedings to condemn the property in question on September 29, 1955. The special commissioners appointed by the court to determine the amount of damages due the appellee filed their report on November 22, 1955, and as found by the trial court, assessed the damages at $80,609.62. The trial court also found that the City of Amarillo deposited the sum of $80,609.62 with the County Clerk of Potter County, Texas, on November 23, 1955. The trial court then held that appellee was entitled to interest at the rate of six per cent from November 23, 1955, upon $105,961.96 (said sum being the difference of the damages assessed by the commissioners and that found by the jury). The question as to when the owner of land is entitled to interest in a condemnation suit seems to be determined on the question as to when the land is taken. It is stated in Houston Independent School Dist. v. Reader, Tex.Civ. App., 38 S.W.2d 610, at page 614 as follows:

"When an owner's land is taken, he is entitled to statutory interest from the date of the actual appropriation of his property. The deposit made in this case by appellant into the registry of the court was a prerequisite to its taking possession of appellees' land, and it was in no sense a tender of any part thereof to appellees. It was simply a deposit made under statutory provisions to give appellant the right to take immediate possession of and use of the land, and was not a deposit any part of which appellees could withdraw without waiving their right to further compensation."

There is no question raised about the City of Amarillo having the right to condemn the property in question. It took the necessary steps to condemn the property and paid into the clerk's office the amount assessed by the commissioners, and thereby stated by such action, we are taking your land. Appellee had no choice about them taking the property. He could do nothing other than to contest the amount the city was to pay. Under article 3268 of Vernon's Ann.Civ.St. of the state of Texas, after the city made the deposit as it did with the County Clerk it could take possession of the property. If the city had that right, then appellee did not have the right to keep possession. We are of the opinion, and so hold, that when appellant proceeded to condemn the property as it did and made the deposit with the County Clerk, that was such taking as required it to pay interest on the difference deposited and the amount allowed by the jury. This would be nothing more than a party buying the property and making a down payment of $80,609.62 and the balance being a deferred payment. Baldwin v. City of San Antonio, 59 Tex.Civ.App. 262, 125 S.W. 596; Texarkana & Ft. S. Ry. Co. v. Brinkman, Tex.Civ.App., 288 S.W. 852, affirmed Tex. Com.App., 292 S.W. 860 and in State v. Hale, 136 Tex. 29, 146 S.W.2d 731. Appellant's point seven is overruled. The judgment of the trial court is affirmed.