**CITY OF AMARILLO**

v.

**Camilla WHEATLEY et al.**

No. 6698.

Court of Civil Appeals of Texas.
Amarillo.

Sept. 23, 1957.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

Simpson, Clayton & Fullingim, Amarillo, for appellees.

NORTHCUTT, Justice.

The City of Amarillo brought two suits to condemn two pieces of property, one owned by Camilla Wheatley and the other by W. O. Tuckness. Stanley Blackburn had a lien against both of these pieces of property and was made a party to these suits. The two cases were consolidated and in all proceedings were tried together. The Commissioners awarded Camilla Wheatley the sum of $10,700 for her tract of land and awarded W. O. Tuckness the sum of $37,347.75 for his tract of land taken by the city, and additional sum for damages to the other land not taken, making the total sum awarded to W. O. Tuckness $47,126.50. Both Camilla Wheatley and W. O. Tuckness, joined by Stanley Blackburn, objected to the Commissioner's award, and such matters were tried to a jury. It was stipulated by the parties that the date of taking the land in question was November 23, 1955, that the taking was necessary, and the only issue involved was the issue of the amount of compensation to which the land owners were entitled. The jury by their verdict awarded Camilla Wheatley the sum of $26,750 and awarded W. O. Tuckness the sum of $107,700.70. The city deposited with the Clerk of the Court $10,700, subject to the order of Camilla Wheatley, being the amount awarded by the Commissioners. Instead of depositing with the Clerk, subject to the order of W. O. Tuckness, the sum of $47,126.50, as awarded by the Commissioners, the city deposited the sum of $35,675.50.

The Court rendered judgment vesting title in the city to the land condemned. Camilla Wheatley and Stanley Blackburn were granted judgment in the sum of $26,750, subject, however, to being credited with the sum of $10,700 theretofore deposited by the City of Amarillo with the County Clerk, when such deposit was paid

to Camilla Wheatley and Stanley Blackburn, together with interest on the sum of $16,050 at the rate of 6 per cent per annum from November 23, 1955, until date.

W. O. Tuckness and Stanley Blackburn were granted judgment in the sum of $107,000.70, subject, however, to be credited with the sum of $35,675.50 theretofore deposited by the City of Amarillo with the County Clerk when such deposit had been paid to the said W. O. Tuckness and Stanley Blackburn, together with interest on the sum of $71,325.20 from November 23, 1955, until paid at the rate of 6 per cent per annum.

Originally, appellant assigned five points of error, but announced in open court that it abandoned its first three points of error and only wished to present points four and five, which complains of the action of the Trial Court in allowing interest from November 23, 1955, on the difference between the Special Commissioners' award and the jury's verdict. So, we will only consider points of error four and five.

We are of the opinion, and so hold, that the identical question involved in point four complaining of the action of the Trial Court in allowing Camilla Wheatley interest on the $16,050 from November 23, 1955, was passed upon by this Court in the case of City of Amarillo v. Attebury, Tex.Civ.App., 303 S.W.2d 804. The Court there held contrary to the contention presented herein by appellant. We deem it unnecessary to discuss this point of error further than to state we overrule point four for the same reasons expressed in the Attebury case.

The only difference in point four and point five is the fact that the City of Amarillo deposited with the Clerk the full amount awarded by the Commissioners to Camilla Wheatley; but only deposited the sum of $35,675.50 with the Clerk in the Tuckness condemnation, while the Commissioners awarded Tuckness the sum of $47,126.50. Just why a part of the award instead of the full amount was deposited

with the Clerk is unimportant because it was stipulated that November 23, 1955, was the date of the taking of the property, and this case was tried upon that agreement. We are of the same opinion as expressed in the Attebury case that the question as to when the owner of land is entitled to interest in a condemnation suit seems to be determined on the question as to when the land is taken. City of Amarillo v. Attebury, Tex.Civ.App., 303 S.W.2d 804 and the cases there cited. Point five is overruled. Judgment of the Trial Court is affirmed.