**WEST TEXAS UTILITIES CO., Appellant,**

**v.**

**H. L. IRVIN and Evelyn Irvin, Appellees.**

**No. 6869.**

Court of Civil Appeals of Texas.

Amarillo.

June 15, 1959.

Rehearing Denied Sept. 1, 1959.

Wagstaff, Harwell, Alvis & Pope, Abilene, Bell & Sowell, Quanah, for appellant.

Mock & Spell, Wichita Falls, for appellees.

NORTHCUTT, Justice.

This is a condemnation suit brought by West Texas Utilities Company, a Corporation, appellant here, to condemn an easement for electric high line purposes across the appellees' farm covering 3.95 acres strip of land. The County Judge appointed three special Commissioners to assess the amount of damages for the taking of said easement. The Commissioners assessed the amount of damages at $2,100. The appellees, being dissatisfied with such award of damages, appealed to the County Court and the case was tried before a jury and judgment rendered in favor of appellees in the sum of $6,075.-13. From that judgment appellant perfected this appeal.

The case was submitted to the jury upon five Special Issues, and no objections to the charge were made by either of the parties. Special Issue No. 1 inquired as to the reasonable market value of the 3.95 acres immediately before condemnation on February 21, 1958. The answer was $691.25. Special Issue No. 2 inquired as to the reasonable market value of the 3.95 acres immediately after February 21, 1958. The answer was $345.62. Special Issue No. 3 inquired whether the reasonable market value of the remaining lands of defendants, not including the right of way, was reduced by reason of condemnation of 3.95 acres and the construction of the power line thereon. The answer was "yes." The charge then provided: "If you have answered Special Issue No. 3, above "No" you need not answer any of the following questions, but if you have answered question No. 3 above "Yes" then you will answer the following questions:" Special Issue No. 4 inquired as to the reasonable market value of the surface of the remainder of the lands of defendants, crossed by said easement, not including the right of way, immediately before the condemnation of the easement on February 21, 1958. The answer was $66,937.50. Special Issue No. 5 was as follows:

"Special Issue No. 5.

"Excluding increase in value, if any, and decrease in value, if any, by reason of benefits received or injuries sustained by defendants in common with the community generally and not peculiar to them and connected with their ownership, use and enjoyment of the lands across which the plaintiff obtained its right of way herein, and taking into consideration the uses to which the easement may be subjected by the plaintiff, what do you find from a Preponderance of the Evidence was the market value of the surface of the remainder of defendants' lands across which said easement was obtained by plaintiff immediately after the condemnation of said easement on February 21, 1958, for transmission purposes as in this charge detailed?

"Answer in Dollars and Cents"

The answer was $61,208.00.

It is the contention of appellant that all the appellees are entitled to under this record is $345.63, being the difference between the answers to Special Issues Nos. 1 and 2, because the undisputed evidence shows there was no damage to the remaining acreage of the appellees' land; because the judgment and verdict of the jury was excessive in that the undisputed evidence

showed that appellees were entitled to recover only the $345.63; that there was no evidence to support the finding of the jury in answer to Special Issue No. 3 and because the answer of the jury to the Special Issue No. 3 was against the preponderance of the evidence, the great weight of the evidence being that there was no damage to the remaining acres of appellees' land.

We think the rule is well seated in the case of Brazos River Conservation and Reclamation Dist. v. Costello, Tex.Civ. App., 169 S.W.2d 977, 986, where it is said:

"The rule is well established that where a part only of a tract of land is taken, the owner is entitled to be paid for the value of the part so taken plus any diminution in value of the remainder of the tract. 16 Tex.Jur. 986.

"In order to enable the jury to determine the depreciation of the remainder, the parties have the right to introduce evidence of everything which would tend to affect the value of the land in the estimation of a proposed purchaser or would tend to make it more or less valuable to the present owner. 16 Tex. Jur. 991; Parker County v. Jackson, 5 Tex.Civ.App. 36, 23 S.W. 924."

There is no question raised as to the value of the 3.95 acres. The sole question is as to the damage to the remaining portion of the farm. Several witnesses testified as to the damages to the remaining portion of the farm, giving as their reasons the difference in the price the farm would sell for before and after the high line was placed on the 3.95 acres; the trouble of cultivating around the poles; the inability to properly spray the crops; the spreading of foul weeds and grass because of inability to cultivate around the poles, and trouble and inability to irrigate because of the poles. Their evidence as to the damage varied from about twenty to fifty dollars per acre damage. The testimony of other witnesses introduced by the appellant was to the effect that placing this line as it was would only affect the 3.95 acres but would not damage the remaining part of the farm. However, the jury passed upon this conflicting evidence and held the remaining portion of the farm was damaged. We are of the opinion there was sufficient evidence to sustain the findings of the jury, and it was not contrary to the preponderance of the evidence, and neither is it against the great weight of the evidence. We are of the further opinion that the weight and preponderance of the evidence substantiates the fact that the remaining portion of the farm, except the 3.95 acres, was damaged; but the jury passed upon the amount of damages, taking about the lowest estimate as given by the evidence.

It is stated in the case of Lynch v. McLendon, Tex.Civ.App., 283 S.W.2d 88, 90, as follows:

"Our view is that ' "the rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings." See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W. 2d 972, 977; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286. See also cases collated under 4 Tex.Dig., Appeal & Error, See Point 1, Burrus Mills, Inc. v. Phillips, Tex. Civ.App., 260 S.W.2d 427, 430; Dansby v. Bryan-College Traction Co., Tex. Civ.App., 271 S.W.2d 306 (no writ history). The foregoing rule applies substantially to jury verdicts."

Appellee assigns as error the action of the trial court in allowing interest only on the amount of the judgment over and above $4,200. The Commissioners appointed by the County Judge assessed the damages at $2,100. The judgment entered by the trial court stated that appellant had paid into the Registry of the Court for the benefit of appellees the amount of $4,200 and

allowing the appellees interest only on the remaining $1,875.13, which was the difference between the $4,200 and the amount of the judgment. Since the Commissioners had found that appellees' damage to be only $2,100 regardless of the fact the appellant may have deposited in the Registry of the Court $4,200, the $2,100 was all the appellees could have taken down until final trial in the court, and should be allowed interest at the rate of six per cent upon the $3,975.13, being the difference between the judgment of $6,075.13 and the $2,100. We are of the opinion appellees were entitled to six per cent interest upon the difference in amount awarded in the judgment and the amount awarded by the Commissioners. This difference should bear interest from the date the $2,100 was paid into the Registry of the Court, as that would be the date of the taking of the easement. It is stated in the case of Housing Authority of City of Dallas v. Shambry, Tex.Civ.App., 252 S.W.2d 963, 966:

"Since under the express provisions of Sec. 1, art. 3268, supra, the deposit is made 'subject to the order of the defendant' and since under the approved ruling in the Dixon case, supra [Housing Authority of City of Dallas v. Dixon, Tex.Civ.App., 250 S.W.2d 636], such deposit can be withdrawn by defendant without prejudice to his right of appeal from the Commissioners' award, it logically follows, in our opinion, that in cases where the amount of damages is the only issue the deposit is the equivalent of a tender and prevents the running of interest to the extent of the amount of the deposit. This is the express holding of the Court in Baldwin v. City of San Antonio, 59 Tex.Civ.App. 262, 125 S.W. 596, cited approvingly in Texarkana & Ft. S. Ry. Co. v. Brinkman, Tex.Civ.App., 288 S.W. 852 (Beaumont C.C.A.), affirmed Tex.Com.App., 292 S.W. 860 and in State v. Hale, 136 Tex. 29, 146 S.W.2d 731."

Judgment of the trial court is affirmed as to the $6,075.13 damages but reformed as to the amount of the judgment bearing interest, so as to provide the sum of $3,975.13 to bear six per cent interest from the date the $2,100 was paid into the Registry of the Court. Reformed, and as reformed affirmed.