**MEDINA ELECTRIC COOPERATIVE, INC.,**
Appellant,

v.

Ruland A. BALL, Appellee.

No. 14100.

Court of Civil Appeals of Texas.

San Antonio.

May 15, 1963.

Frank X. Vance, Hondo, Frank R. Nye, Jr., Rio Grande City, for appellant.

Suttle & Kessler, Uvalde, for appellee.

BARROW, Justice.

This is an appeal by the condemning authority from a judgment entered in a condemnation proceeding involving an easement for a transmission line and the taking of a one-half acre tract of land for a sub-station location. The land condemned is on the northern part of appellee's 932 acre ranch and adjoins a paved highway about a mile and a half southwest of Uvalde, Texas. The jury verdict awarded appellee the total sum of $9,280.00 and appellant seeks reversal of the judgment entered for appellee in this amount.

The sole point complained of by appellant is the alleged error of the trial court in permitting appellee's witness, Dr. Spring, to testify that appellee's land was adaptable for subdivision into small acreage tracts along the north side where the transmission line and sub-station site are located, over the objection that such testimony was too remote, speculative and conjectural.

The narrative statement of facts provides in part:

"Dr. Spring testified that the Ball Ranch was adaptable for subdivision into small acreage tracts, especially along the north side of defendant's land where the transmission line and sub-station are located. Plaintiff objected to this testimony about the subdivision for the reason that same was too remote, speculative and conjectural. The Court overruled the objection and allowed its introduction. Dr. Spring testified further that small acreage tracts could be sold in tracts of five acres each for about $5,000.00 a tract along the highway. No objection was made to such testimony or to the introduction of the plat."

Appellant asserts that the land was raw pasture land which had never been subdivided and that it was improper to consider the value of the condemned land for subdivision purposes. Dr. Spring and the other witnesses testified that the ranch was of the overall value of about $125.00 an acre. Appellant cites the following authorities in support of its position: City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W. 2d 808; Continental Development Corp. v. State, Tex.Civ.App., 337 S.W.2d 371; and Minyard v. Texas Power & Light Co., Tex.Civ.App., 271 S.W.2d 957. The admissibility of testimony as to the value of land for purposes other than that to which it is being put at the time of the taking has been recently considered by this Court in Lower Nueces River Water Supply Dist. v. Collins, Tex.Civ.App., 357 S.W.2d 449.

We do not deem it necessary to pass upon this point, since similar evidence to that complained of by appellant was offered and received without objection. From the quoted excerpt from Dr. Spring's testimony it is seen that he testified without objection to the sale price of small acreage tracts, and that a plat of a proposed subdivision was introduced in evidence without objection. In addition thereto, appellee's witness Kimble testified, without objection, that portions of the Ball Ranch were adaptable for sale in small acreage tracts from five to ten acres along where the sub-station site and appellant's transmission line were located, and

that such tracts would have a value of $1,-000.00 per acre. The witness Carper testified, without objection, that portions of the land burdened with the easement and along the highway were adaptable for sale in small tracts, but that the easement and substation location affected the values adversely.

The rule is well settled that the trial court's admission of evidence over objection is deemed to be harmless if the objecting party subsequently permits similar evidence to be introduced without objection. Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103; Olan Mills Inc. v. Prince, Tex.Civ. App., 336 S.W.2d 186; Bolstad v. Egleson, Tex.Civ.App., 326 S.W.2d 506; Rowe v. Liles, Tex.Civ.App., 226 S.W.2d 253; 23 Tex.Jur.2d § 208.

Since similar evidence to that complained of by appellant, in its only point, was admitted without objection, it is our opinion that the error, if any, in the admission of same was harmless and the judgment should be affirmed. Rule 434, Texas Rules of Civil Procedure.

The judgment is affirmed.