**STATE of Texas, Appellant,**

v.

**W. H. DICKSON et al., Appellees.**

**No. 4425.**

Court of Civil Appeals of Texas.

Waco.

March 3, 1966.

Rehearing Denied March 24, 1966.

Second Motion for Rehearing Denied
April 7, 1966.

Waggoner Carr, Atty. Gen., of State of Texas, Carroll Graham, Asst. Atty. Gen., Austin, for appellant.

McKool & McKool, Les King, Dallas, Martin & Martin, Hillsboro, for appellees.

McDONALD, Chief Justice.

This is a condemnation case wherein the State of Texas condemned 18.64 acres of land (together with a drainage easement of .92 of an acre), out of a 191 acre tract

owned by defendants. Trial to a jury resulted in a verdict of $5868 for the land taken, and $36,175 damage to the remainder. The trial court rendered judgment on the verdict for defendants for $7645 ($42,043 less $34,398 deposited by the State after award by the Commissioners).

Plaintiff appeals, contending:

1) The action of defendants' attorney in qualifying the witnesses Russell and Cypert, before the jury, was highly prejudicial and caused the rendition of an improper verdict.

2) The action of defendants' attorney in introducing the income of the property before the jury was highly prejudicial and caused the rendition of an improper verdict.

3) There is no evidence, or insufficient evidence, to support the jury's verdict; such verdict is against the great weight and preponderance of the evidence; and is excessive.

Plaintiff's first contention is that defendants' attorney's action in qualifying the witnesses Russell and Cypert before the jury was prejudicial and caused the rendition of an improper verdict. Both Russell and Cypert had acted as Special Commissioners in the commission phase of the instant case. Defendants called Russell and Cypert to testify as to their opinions of the value in the trial in County Court. Counsel for defendants asked the witness Russell if he was familiar with the Dickson property and Russell replied he had known it all his life. Counsel for defendants then asked Russell who he went on the property with in the latter part of 1961. Russell answered that it was with Mr. Dick Spencer; and in answer to a question as to who he was, answered that he was an engineer with the Highway Department. Substantially the same testimony was elicited from the witness Cypert. Plaintiff contends that this created an impression in the minds of the jurors that these witnesses had actually made an appraisal for the Highway Department.

Plaintiff did not object to the testimony of the witness Russell. Plaintiff did object to the testimony of the witness Cypert and the entire testimony of Cypert was struck by the trial court. The contention is without merit.

Plaintiff's 2nd contention is that defendants' attorney's action in introducing the income of the property before the jury was prejudicial and caused the rendition of an improper verdict. The witness Wilson testified that he had been appraising land for some thirty years; that he appraised the defendants' property; that he had valued the farm from the market data of comparable sales approach; that he used the income approach to check his conclusions. He then testified to the income of the farm for the years 1959, 1960 and 1961. Objection by plaintiff's counsel to the foregoing was overruled by the trial court. Thereafter the witness Wilson's written "Appraisal Report," which contained all of the income figures for 1959, 1960 and 1961 was introduced into evidence without objection. Under the record, we think the evidence as to the past income from the property admissible; but in any event plaintiff waived his objection to same by permitting the same evidence to be later introduced without objecting thereto.

Plaintiff's 3rd contention is that there is no evidence or insufficient evidence to support the verdict; that the verdict is against the great weight and preponderance of the evidence; and is excessive.

This case involves a taking of 18.64 acres out of a 191 acre tract; plus a drainage easement of .92 of an acre. The taking of the 18.64 acres split the tract diagonally, leaving 56 acres burdened by the .92 acre easement on the north side of the freeway, and 112 acres on the south side of the freeway. The farm was being used as a dairy farm at the time of the taking, which was its highest and best use. The jury found the value of the land taken to be $5868 (or approximately $300 per acre); and found the value of the remainder before the tak-

ing to be $72,675; and the value after the taking $36,500, (making a $36,175 damage to the remainder). There is evidence that after the taking, the water through the channel easement caused a ditch to be washed out so the land could not be cultivated; that the grasses below the easement were covered and killed by silt; that after the taking, the unit became too small to operate as a dairy farm and that as a result the highest and best use changed to a row crop operation; that the severance left the barn and improvements on one side of the freeway, and the pasture on the other side; and that as a result the improvements depreciated in value. There is evidence of other sales in the area of up to $325 per acre.

Defendant testified the property taken had a value of $5,868; and that the remainder had a value of $81,900 before the taking; and a value of $40,015 after the taking. The expert appraiser Wilson testified the market value of the land taken to be $5600; and the value of the remainder before the taking $61,000; and $32,700 after the taking. The witness Russell valued the land taken at $5869; the remainder before the taking at $76,182; and after the taking at $47,656. The witness George Dickson valued the land taken at $5868; the remainder before the taking at $81,900; and after the taking at $40,015. The plaintiff's witness placed a value on the land taken of $3830; the remainder before the taking of $43,930; and after the taking of $36,550.

■ A jury in matters of this kind may weigh, consider and accept the opinions as to value, or it may form its own opinion from the evidence and by utilizing its own experience and matters of common knowledge. See McCarthy v. City of Amarillo, Tex.Civ.App., (n. r. e.), 307 S.W.2d 595; Roberts v. State, Tex.Civ.App., (n. w. h.) 350 S.W.2d 388.

■ We think the evidence ample to sustain the verdict, and that such is not against the great weight and preponderance of the evidence, or excessive.

All plaintiff's points and contentions are overruled.

Affirmed.