**LONE STAR GAS COMPANY, Appellant,**

v.

**E. G. SMITH et ux., Appellees.**

**No. 4501.**

Court of Civil Appeals of Texas.

Waco.

June 16, 1966.

Rehearing Denied July 7, 1966.

Barnes & Barnes, Terrell, Philip Bilton, Dallas, for appellant.

Elliott & Elliott, Canton, Wynne & Wynne, Wills Point, for appellees.

OPINION

McDONALD, Chief Justice.

This is a condemnation case wherein Lone Star Gas Company (a public utility), condemned a gas pipeline easement of 1.48 acres out of a 160 acre tract owned by defendant. Such easement is 50 feet wide, and extends from east to west 1287 feet across the 160 acre tract. The pipe is buried 3½ to 4 feet beneath the surface.

Trial to a jury resulted in a verdict of $175 for the land taken, and $8010 damage to the remainder ($50 per acre). The trial court rendered judgment on the verdict for defendants for $7965. ($8185 less $220 deposited by plaintiff after award of Commissioners); and provided that such $7965 draw 6% interest from the date of taking.

Plaintiff appeals, contending:

1) There is no evidence, or insufficient evidence to support the jury's finding of damage to the remainder; and such findings are against the great weight and preponderance of the evidence and excessive.

2) The trial court erred in permitting defendants to testify they read of gas line explosions; and in permitting defendants' attorneys to read excerpts from newspapers relating to a gas line explosion in Louisiana.

3) The trial court erred in awarding interest on the $7965 from the date of the taking, because there are no pleadings to justify such interest.

We revert to plaintiff's first contention that there is no evidence or insufficient evidence to support the jury's finding of damage to the remainder. The jury found the remainder had a value of $225 per acre before the taking of the 1.48 acre easement; and a value of $175 per acre immediately after the taking of the easement, (making a damage to the remainder of $8010).

Plaintiff asserts that defendants' witnesses all testified that their opinions as to damage to the remainder were predicated on the right of ingress and egress plaintiff had over the entire 160 acre tract, and by the element of fear of a high pressure gas pipeline, and the effect these elements had on value.

■ The witness Mills testified the remainder was worth $200 per acre before the taking and $150 after the taking; the witness Story testified the remainder was worth $250 per acre before the taking and $200 after the taking; the witness Calhoun testified the remainder was worth $250 before the taking and $195 after; and the witness Robinson testified the remainder was worth $225 before the taking and $175 after the taking. All of these witnesses were licensed real estate agents and all stated they knew the value of the property on the date of taking. It is true that these witnesses testified that the right of plaintiff to ingress and egress over the property would hurt the market value of the property; and testified in essence that the fact that a 12 inch pipeline was across the property would diminish the value because there is a fear by the public of explosions from high pressure gas lines. Plaintiff objected to this testimony by the witness Mills (which objection was overruled); but made no objection to the same testimony by the witnesses Stasey, Calhoun and Robinson. Plaintiff waived his objection to the complained of testimony by permitting the same evidence to be later introduced by the other 3 witnesses without objecting thereto. State v. Dickson, Tex.Civ.App., 401 S.W.2d 361; Texas Law of Condemnation, Rayburn, p. 319.

Plaintiff's second contention is that the trial court erred in permitting defendants to testify they read of gas line explosions; end erred in permitting defendants' attorney to read excerpts from newspapers relating to a gas line explosion in Louisiana.

■ The trial court permitted the witness Mills to testify that he had read of a "number of cases where there has been explosions." The plaintiff objected that such was hearsay, irrelevant and immaterial. The trial court overruled the objection when apprised that such was "a basis for the witness' opinion" that fear of explosion would affect the market value of the property, and was not offered as to the truth of the matter read. We think the matter, if error, harmless. Rule 434 Texas Rules of Civil Procedure. Counsel for defendant asked plaintiff's witness White on cross examination if he had read a newspaper clipping about an explosion, and handed the clipping to the witness. No objection was made by plaintiff.

■ Plaintiff's third contention is that the trial court erred in awarding interest from the date of the taking when defendant "had no pleadings that would legally justify such interest." Defendant plead for "just and adequate damages and compensation, *and for such other and further relief to which they may show themselves entitled."*

A prayer "for such other and further relief to which they may show themselves entitled", in the absence of special exception is sufficient to support the trial court's award of interest. Buckner & Sons v. Arkansas Fuel Oil Corp., (n. r. e.) Tex.Civ. App., 319 S.W.2d 204; Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50.

Plaintiff's points and contentions are overruled.

Affirmed.