Roy E. Pitts and J. Philip Bilton, Dallas, W. H. Frank Barnes, Terrell, for appellant.

Clyde Elliott, Jr., Elliott & Elliott, Canton, Gordon R. Wynne, Wynne & Wynne, Wills Point, for appellees.

DUNAGAN, Chief Justice.

This is a condemnation case wherein Lone Star Gas Company, a public utility, condemned for pipeline purposes 3.22 acres of land out of a tract of approximately 320 acres of land in Van Zandt County, Texas, belonging to appellees. The easement condemned is a 50-foot strip extending across the 320 acres of land, entering said tract on the east side and going in a westerly direction across said land, a distance of 170 rods. The easement was acquired by appellant so that it could lay a 12″ gas pipeline on the 3.22 acre easement. The pipe is buried from 3½ feet to 4 feet beneath the surface of the land.

Upon the trial of the case, four issues were submitted to the jury. Appellant excepted to Special Issues 3 and 4 and objected to submitting such issues to the jury on the ground that there was no legal, competent evidence to support the submission of such issues and that there was insufficient legal, competent evidence to require or justify the submission of such issues to the jury. The jury answered Special Issues

**LONE STAR GAS COMPANY, Appellant,**

v.

**Nannette MITCHELL et al., Appellees.**

**No. 215.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 6, 1966.

Rehearing Denied Nov. 3, 1966.

Nos. 1 and 2 that the 3.22 acres of land immediately before the easement was taken had a market value of $200.00 per acre, and that immediately after the taking the 3.22 acres had a market value of $25.00 per acre. The jury answered Special Issues Nos. 3 and 4 that the remainder of the 320-acre tract of land had a market value per acre immediately before the taking of the easement of $200.00, and that immediately after the taking of the easement it had a market value per acre of $178.00. Judgment was entered by the trial court for appellees in the sum of $7,532.66, allowing appellant credit for $470.00 which the commissioners had awarded to it and which had been withdrawn. The judgment further provides that $7,062.66 of the amount awarded therein would draw interest from the date of the taking until said judgment is paid. Appellant has appealed to this court.

Appellant complains: (1) there is no evidence, or insufficient evidence, to support the jury's finding of damage to the remainder, and such findings are against the great weight and preponderance of the evidence and excessive, unreasonable and unconscionable; (2) the trial court erred in awarding interest on the $7,062.66 from the date of the taking because there are no pleadings to justify such interest.

We will first dispose of appellant's contention that there is no evidence or insufficient evidence to support the jury's finding of damage to the remainder. This contention of appellant is controlled by the case of Lone Star Gas Company v. Smith, et ux., in an opinion delivered by the Waco Court of Civil Appeals on June 16, 1966, 405 S.W.2d 238, n. w. h., affirming the trial court's judgment.

The above mentioned case was a condemnation case appealed from the County Court of Van Zandt County. The facts show that the appellant, Lone Star Gas Company, had condemned a gas pipeline easement of 1.48 acres out of a 160-acre tract owned by appellees and that the pipe

was buried 3½ to 4 feet beneath the surface. The appellant in that case made the same contention as it is making in the case at bar. It was shown that the defendants' witnesses Mills, Stasey, Calhoun and Robinson, who qualified as expert witnesses, testified that they knew the value of the property on the date of taking and further testified to the depreciation of the market value of the remainder of the land. The plaintiff, Lone Star Gas Company, in the Smith case asserted that defendants' witnesses all testified that their opinions as to damage to the remainder were predicated on the right of ingress and egress plaintiff had over the entire 160-acre tract, and by the element of fear of a high pressure gas pipeline, and the effect these elements had on value. The Waco Court of Civil Appeals in disposing of the appellant's first contention in that case said:

"* * * Plaintiff objected to this testimony by the witness Mills (which objection was overruled); but made no objection to the same testimony by the witnesses Stasey, Calhoun and Robinson. Plaintiff waived his objection to the complained of testimony by permitting the same evidence to be later introduced by the other 3 witnesses without objecting thereto. State v. Dickson, Tex.Civ.App., 401 S.W.2d 361, [writ ref., n. r. e.]; Texas Law of Condemnation, Rayburn, p. 319."

In the case at bar the appellees offered two witnesses, namely, T. E. Stasey and Irby Mills. The witness Stasey testified the remainder was worth $200.00 per acre before the taking and $170.00 after the taking, and witness Mills testified the remainder was worth $180.00 per acre before the taking and $155.00 after the taking.

The appellant makes the same contention in the case now before this court that it made in Lone Star Gas Company v. Smith, supra. In the case at bar appellant did not object to any of the complained of

testimony given by witnesses Stasey and Mills at the time it was offered. Moreover, appellant did not only fail to object to the complained of testimony of Stasey and Mills, but it elicited much of the said testimony on its cross examination of the witnesses Stasey and Mills. It inquired of Stasey and Mills the factors they considered in forming their opinion as to the damage to the remainder of the land after the taking. The qualification of witnesses Stasey and Mills is not in question. They expressed their opinion of value on all issues and gave their reasons therefor. The reasons given for their opinion as to the depreciation of the market value after the taking of the remainder was predicated on the right of ingress and egress appellant had over the entire 320-acre tract, and by the element of fear of a high pressure gas pipeline, which they testified would affect the market value of the property remaining to the extent as above shown. Following the case of Lone Star Gas Company v. Smith, supra, we hold that appellant, by failing to object to the complained of testimony of Stasey and Mills concerning the market value of the remainder, waived its objection thereto.

■ Appellant's remaining contention is that the trial court erred in awarding interest from the date of the taking when the appellees had "no pleadings in the record that would legally justify such interest." This contention has also been decided adversely to appellant in the case of Lone Star Gas Company v. Smith, supra, wherein the court said:

"A prayer 'for such other and further relief to which they may show themselves entitled', in the absence of special exception is sufficient to support the trial court's award of interest. Buckner & Sons v. Arkansas Fuel Oil Corp., (n. r. e.) Tex.Civ.App., 319 S.W.2d 204; Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50." See also Allied Paint-

Patterson Sargent Div. v. Wallace, 400 S.W.2d 18, (Tex.Civ.App.) 1966, n. w. h.

For the reasons above stated, appellant's points and contentions are overruled.

Judgment affirmed.