**TRINITY RIVER AUTHORITY OF TEXAS,**
Appellant,

v.

**The SEALY & SMITH FOUNDATION**
et al., Appellees.

No. 7019.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 5, 1968.

Rehearing Denied Jan. 8, 1969.

Lloyd C. Martin, Huntsville, for appellant.

Robert F. Atkins, Coldsprings, W. C. McClain, Conroe, for appellees.

PARKER, Chief Justice.

Condemnation proceedings were instituted by Trinity River Authority of Texas to condemn land owned by The Sealy & Smith Foundation, et al, by filing its petition with the County Judge of San Jacinto County, Texas. Special commissioners appointed by the County Judge, after hearing, rendered an award on May 25, 1967, in the amount of $362,223.00, to which the owner objected. The condemning authority deposited the amount of the award of the special commissioners into the registry of the court on July 5, 1967, in order to take possession of the property as authorized by Article 3268 Vernon's Ann.Civ.St. Condemnees subsequently withdrew the award under authority of order dated July 26, 1967. Appeal was perfected by condemnees. On appeal, in accordance with the jury finding and the stipulation of the parties, judgment was signed and entered on February 26, 1968, awarding condemnees the total sum of $672,390.00. The judgment provided that condemnees recover the excess of the judgment over the award of May 25, 1967, which excess amounted to $310,167.00, with interest thereon at the rate of 6% per annum from the date of judgment. Upon proper motion, the judgment was corrected to award interest from the date of taking, July 5, 1967, rather than from the date of judgment, February 26, 1968.

The appellant here, Trinity River Authority of Texas, has one point of error:

### POINT OF ERROR

The trial court erred in amending the judgment previously rendered to provide for statutory interest upon the excess of the amount of the judgment over the amount of the Special Commissioners award from the date of deposit.

As stated in Rayburn Texas Law of Condemnation, Section 76(6), page 280:

* * * where the landowner receives more upon the jury's verdict upon the

second trial, than the award of the special commissioners set up in their award, the judgment excess will bear interest at the legal rate of six (6%) per centum from the date of a lawful deposit, or the actual taking of physical possession whicher [sic] event is sooner, and will continue until the final payment of the amount named in the judgment is actually paid to the defendant condemnee, his agent, or attorneys. City of Houston v. Schorr, 279 S.W.2d 957 (Civ.App.) (er. ref. n.r.e.).

Other cases so holding are Baldwin, et al v. City of San Antonio, 59 Tex.Civ.App. 262, 125 S.W. 596 (San Antonio, 1910, no writ history): Texarkana and Ft. S. Ry. Co. v. Brinkman, Tex.Civ.App., 288 S.W. 852 (Beaumont, 1926, writ granted); 292 S. W. 860 (Com.App.1927): Houston Independent School District v. Reader, et al, Tex. Civ. App., 38 S.W.2d 610 (Galveston, 1931, no writ history): Housing Authority of the City of Dallas v. Dixon, Tex.Civ.App., 250 S.W.2d 636 (Dallas, 1952, writ ref., n.r.e.): Housing Authority of the City of Dallas v. Shambry, et ux, 252 S.W.2d 963 (Austin, 1952, writ ref.); 152 Tex. 122, 255 S.W.2d 184 (1953): Housing Authority of the City of El Paso v. Lira, Tex.Civ.App., 282 S.W. 2d 76 (El Paso, 1955, writ ref., n.r.e.): City of Amarillo v. Attebury, Tex.Civ.App., 303 S.W.2d 804 (Amarillo, 1957, no writ history): City of Amarillo v. Wheatley, et al, Tex.Civ.App. 305 S.W.2d 378 (Amarillo, 1957, no writ history): South v. Texas Eastern Trans. Corp., Tex.Civ. App., 332 S.W.2d 442 (San Antonio, 1960, no writ history): Holcombe v. City of Houston, Tex.Civ.App., 351 S.W.2d 69 (Houston, 1961, no writ history): Lone Star Gas Co. v. Smith, Tex.Civ.App., 405 S.W.2d 238 (Waco, 1966, no writ history): Lone Star Gas Co. v. Mitchell, et al, Tex.

Civ.App., 407 S.W.2d 543 (Tyler, 1966, no writ history).

Appellant does not question the holdings of such cases, but contends these decisions allowing interest from the date of taking were overruled in Denton County v. Brammer, 361 S.W.2d 198 (Sup.Ct. 1962). In that case, the award of the special commissioners was $800.00. Such amount was deposited and withdrawn by Brammer. Although, upon the second trial, he was awarded more money by way of damages for the taking, the Supreme Court reversed the judgment of the second trial to the extent it awarded more than $800.00. Since Brammer did not recover an excess over and above the $800.00 which he had withdrawn, there was no excess on which interest could be paid. This is the holding of the Supreme Court of Texas. The Court of Civil Appeals opinion (350 S.W.2d 888) held that condemnee had no pleading or prayer asserting any claim to such interest. In the instant case, the condemnee had pleading in its objections and exceptions to the award of the commissioners, reading:

* * * and that Defendants have and recover their just damages, and all cost and other and further relief as they may show themselves justly entitled, at law and in equity.

A prayer "for such other and further relief to which they may show themselves entitled," in the absence of a special exception, is sufficient to support the trial court's award of interest. Lone Star Gas Company v. Smith, Tex.Civ.App., 405 S.W. 2d 238 (Waco, 1966, no writ history); Lone Star Gas Company v. Mitchell, Tex.Civ. App., 407 S.W.2d 543 (Tyler, 1966, no writ history).

Appellant's point of error is overruled.

Judgment of the trial court affirmed.