**William Slack MONTGOMERY et al.,**
**Appellants,**

v.

**TEXAS TURNPIKE AUTHORITY,**
**Appellee.**

No. 4852.

Court of Civil Appeals of Texas.

Waco.

Oct. 9, 1969.

Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

Locke, Purnell, Boren, Laney & Neely (Wayne Woodruff and Richard Rogers) Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a condemnation case wherein Texas Turnpike Authority condemned two tracts of land in Dallas, Texas belonging to the Montgomery's, for the right of way for the Toll Road in Dallas. The first tract was .3466 of an acre, and the second tract was .6128 of an acre. After the taking there was a remainder left from each of the two tracts. Trial to a jury resulted in a verdict of: 1) $15,100 for first tract 2) $5,800 damage to remainder 3) $19,700 for second tract 4) $6,000 damage to remainder; (or a total verdict of $46,600.) The defendants had been awarded $79,569.-03 by the Commissioners, which amount was paid to the County Clerk, and defendants withdrew such amount. The trial court recited such in its judgment, and awarded plaintiff $32,969.03 against defendants ($79,569.03 less the $46,600).

Defendants appeal on seven points contending:

1) The trial court erred in permitting the witness Joseph R. Smith to testify as to the sale of property from Texas Home Loans to Industrial Office Supply, because the undisputed evidence shows the property being condemned herein is unimproved property, and the Texas Home Loans sale was improved property at the time of sale;

2) The judgment and verdict are supported by no evidence; and, alternatively, are against the great weight and preponderance of the evidence;

3) The judgment and verdict are inadequate, and does not adequately compensate defendants for the land taken, and damages to the remainder.

 Defendants 1st contention asserts that one of the five sales used by the witness Smith as a comparable sale was an improved tract, whereas property herein condemned was unimproved. The record reflects that Smith testified the sale in question was of *unimproved* land; that the improvements on the tract on the date of sale, had previously been sold to a third party. This fact was confirmed by Smith's production of the deed from Texas Home Loans to Industrial Office Supply, which specifically excluded the improvements. Smith further testified he confirmed with both grantor and grantee that the sale involved only land. The witness did not testify as to the sale of improved property as a comparable sale. It is uncontroverted he testified as to an unimproved land sale.

Defendants' 2nd and 3rd contentions assert there is no evidence to support the judgment and verdict; that such are against the great weight and preponderance of the evidence; and do not adequately compensate the defendant.

 The verdict was for $46,600 damages to defendants' for the approximately 1 acre of land taken, plus damages to the remainder. The defendants' witness Addison testified defendants were damaged $198,922; defendants' witness Levy testified defendants' damages were $237,292. Plaintiff's witness Smith testified defendants' damages were $46,273. All witnesses were qualified experts and based their testimony on comparable sales. The jury's verdict is within the range of the testimony.

A jury in matters of this kind may weigh, consider and accept the opinions of the witnesses as to value, or it may form its own opinion from the evidence and by utilizing its own experience and matters of common knowledge. State of Texas v. Dickson, Tex.Civ.App. (n. r. e.) 401 S.W. 2d 361.

We think the evidence ample to sustain the verdict and judgment; that such is not against the great weight and preponderance of the evidence; and the amount of the verdict adequate to compensate defendants' under the evidence.

All defendants' points and contentions have been considered and are overruled.

Affirmed.