The STATE of Texas, Appellant,

v.

James CHAVERS et al., Appellee.

No. 4834.

Court of Civil Appeals of Texas.

Waco.

Nov. 26, 1969.

Rehearing Denied Dec. 18, 1969.

Crawford Martin, Atty. Gen., Troy C. Webb, Asst. Atty. Gen., Austin, for appellant.

Hugh D. Reed, Jr., Fairfield, W. A. Keils, Jr., Teague, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a condemnation case wherein the State of Texas condemned a 14.022 acre strip through the middle of a 115 acre tract owned by the Chavers. After the taking, a remainder of some 101 acres was left, consisting of two tracts: one approximately 66 acres, and the other approximately 35 acres. Trial to a jury resulted in a verdict of $4206.60 (or $300 per acre) for the land taken; a value of $30,293.40 (or $300 per acre) of the remainder before the taking; and a value of $21,193.40 (or $209 per acre) of the remainder after the taking. The trial court entered judgment on the verdict for defendants for $13,306 (less $4875 deposited by the State).

Plaintiff appeals on 10 points contending:

1) The trial court erred in admitting testimony of the witness Steward regarding what C. E. Neale told him the land separate from the improvements was worth, in the sale from Neale to Anderson, because such testimony was hearsay.

2) The trial court erred in admitting testimony of the witness Steward concerning the sale from Neale to Anderson because this sale was of improved property, and the subject property with which it was being compared was unimproved property.

3) There is no evidence or insufficient evidence to support the jury's answer to Issue 1.

4) The witness Steward used an improper method of arriving at damages to defendants' remaining land.

5) There is no evidence, or insufficient evidence to support the jury's verdict as to damages to defendants' remaining land.

Contention 1 complains of the trial court's admission of evidence from the witness Steward that the seller of the Neale-Anderson sale told him he valued the land separately at $300 per acre.

■ Defendant's expert witness Steward testified that the 14.022 acres taken had a market value of $300 per acre on the date taken (August 2, 1968). He used three comparable sales, in conjunction with his general knowledge of the price of real estate in Freestone County, to arrive at his opinion. The first sale was from Neale to Clark in September 1967 wherein the real estate sold for $250 per acre; the second

was from Neale to Jones in January 1968, wherein the realty sold for $250 per acre; and the third sale was from Neale to Anderson in March 1968, wherein a 34 acre tract with a house on it sold for $26,950. The witness testified he valued the house at $15,180. We observe that $26,950 less $15,180 is $11,770 (or $346 per acre) remaining as the value of the land. Counsel for defendants then asked the witness if he confirmed with the seller the value he placed on the land. Counsel for plaintiff objected that same woud be hearsay. The trial court overruled the objection, and the witness answered $300 per acre. We think the testimony admissible as an exception to the hearsay rule under State v. Oakley, 163 Tex. 463, 356 S.W.2d 909, 914, 95 A. L.R.2d 1207. In any event since the witness had testified the sale of the 34 acres with the house was for $26,950, and he valued the house at $15,180 (leaving a value of $11,700 for the land, or some $346 per acre) the matter is harmless. TRCP 434.

■ Contention 2 complains of the trial court's admission of the Neale-Anderson sale. Plaintiff's counsel objected to the witness Steward's testimony of this sale, asserting it was improved property and the property here involved was unimproved property. The trial court overruled the objection. We think the Neale-Anderson sale was a comparable sale. It involved 34 acres in the general vicinity of the Chavers property. Even though it had a house on it, it was within the discretion of the trial court to admit the evidence as a comparable sale under Texas Power & Light Co. v. Adams, Tex.Civ.App. (NWH) 404 S.W.2d 930; and Bruner v. State, Tex.Civ.App. (NRE) 391 S.W.2d 149, cert. den. 383 U.S. 945, 86 S.Ct. 1200, 16 L.Ed. 207. In any event, plaintiff's expert witness Smith testified without objection that he based his opinion on the value of the property here taken, upon several comparable sales including the Neale-Anderson sale in 1968. In such situation plaintiff cannot complain of the admission of the testimony from

Steward. Lone Star Gas Co. v. Smith, Tex.Civ.App. (NWH), 405 S.W.2d 238; State v. Dickson, Tex.Civ.App. (NRE), 401 S.W.2d 361; Lone Star Gas Co. v. Mitchell, Tex.Civ.App. (NWH), 407 S.W.2d 543.

■ Contention 3 asserts there is no evidence or insufficient evidence to support the jury's answer to Issue 1. (That the land taken had value of $4606.60; or $300 per acre). The witness Chavers testified the land taken had a value of $300 per acre; as did the witness Steward. Plaintiff's witness Luedemann valued the land at $220 per acre, and plaintiff's witness Smith valued the land at $250 per acre. There is ample evidence to support the jury's answer to Issue 1.

Contention 4 complains of the witness Steward's method of arriving at the value of the remainder after the taking, and contention 5 asserts there is no evidence or insufficient evidence to sustain the jury's answers as to damages to the remainder. Steward testified the remainder had a value of $300 per acre before the taking, and a value of $200 per acre after the taking (and that the remainder had diminished in value $10,097 after the taking). The jury found the value of the remainder before the taking to be $30,293.40; and the value of the remainder after the taking to be $21,193.40 (a dimunition of $9100). The witness Steward testified that the highest and best use of the property was a cattle operation. The part taken by the State cut the remainder into a 66 acre tract on one side of the Interstate highway, and a 35 acre tract on the other side. The barns, cattle pens, sheds and water were on the East side, and were cut off from the west tract, by the highway. It is necessary to go five miles up the road and cut over and come five miles back to get across from one tract to the other. The witness testified it would take $900 to refence; $3000 would be the cost of a barn on the west side; $600 would be the cost of cattle pens on the west side; that $1368 would be required to build sheds;

that $2500 would be required to drill a well; and fixed other costs at $1729.

Counsel for plaintiff objected to the witness "whole testimony and required that it be stricken * * * because in his total figures he has included circuity of travel and therefore is a measurement of damage that is not compensable under Texas law". The trial court overruled the objection.

The witness did not testify as to the foregoing as a measure of damages or as specific items of damages, but only as affecting the market value of the remaining land for the use for which it was best adapted.

 Where ownership of land, improvements and business conducted thereon are in the same person, evidence of resulting injury to the business is admissible, not as a separate item of damage, but as affecting the market value of the remaining land and improvements for the uses to which they are adapted and are being put. Milam County v. Akers, Tex.Civ.App., Er. Ref. WM, 181 S.W.2d 719; City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176; State v. Lynch, Tex.Civ.App. (NWH), 390 S.W.2d 335.

The matter if error is harmless. Texas Rules of Civil Procedure, rule 434.

The witnesses for plaintiff fixed the damage to the remainder at $9.10 (or $9.10 per acre) which they ascribed to the necessity for fencing on the highway. As noted defendants' witness fixed the damage to the remainder at $100 per acre. The jury found the remainder to have a value of $21,193.40 ($209 per acre) after the taking, or $91 per acre diminution in value. The jury's answers to Issue 3 is supported by ample evidence.

A jury in matters of this kind may weigh and accept the opinions as to value, or it may form its own opinion from the evidence, and by utilizing its own experience and matters of common knowledge. State v. Dickson, Tex.Civ.App. (NRE) 401 S.W.2d 361; McCarthy v. City of Amarillo, Tex.Civ.App. (NRE), 307 S.W.2d 595; Roberts v. State, Tex.Civ.App. (NRE), 350 S.W.2d 388.

All plaintiff's points and contentions are overruled.

Affirmed.