**CITY OF ROCKWALL, Appellant,**

v.

**Owen Lee MITCHELL et ux., Appellees.**

**No. 5254.**

Court of Civil Appeals of Texas, Waco.

June 21, 1973.

Rehearing Denied July 26, 1973.

Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

Robert K. Ramsey and Thomas H. Arnold, Terrell, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a condemnation case wherein the City of Rockwall condemned an easement for a 10 inch sewer main across an approximately 5 acre tract of unimproved land owned by defendants. Such easement is 10 feet wide, extends 360.3 feet across the 5 acre tract near its center, and contains .084 acres.

Trial was to a jury which found:

1) The reasonable market value of the land taken across defendants' property before the taking was: $24,000 per acre.

2) The reasonable market value of the land taken across defendants' property after the taking was: $0 per acre.

3) The reasonable market value of the remainder before the taking was $120,000.

4) The reasonable market value of the remainder after the taking was $96,000.

After the verdict was returned plaintiff filed motion and amended motion to dismiss the condemnation proceedings under the provisions of Article 3265 Vernon's Ann.Tex.St., which motions were overruled.

Thereafter the trial court rendered judgment on the verdict awarding plaintiff city the easement sought, and awarding defendants $2,016. for the land taken, and $24,000. damage to the remainder (plus interest at 6% from date of taking).

Thereafter defendants filed a Remittitur and Release of Judgment in the amount of $900.90, reciting same was in recomputation of the award for the land taken using $10,000. per acre as the value after the taking (which was the highest figure in evidence as to the value of the easement strip after the taking).

Plaintiff appeals on 15 points contending:

1) The trial court erred in overruling its motions to dismiss under Article 3265 VATS.

2) The trial court erred in admitting into evidence Defendants' Exhibit 2, Map of Lakeside Village; and Defendants' Exhibit 10, the Gifco Contract; because same were immaterial.

3) The trial court erred in overruling objection to testimony of the witness Mitchell as to value.

4) The verdict and judgment are contrary to the established rule of law in that testimony from defendants' witnesses was based upon the assumption that the property would be developed in a certain way and that a certain number of lots could be platted from the property, when the undisputed evidence shows the area was vacant and unimproved property not having been platted, and the use of the value of platted lots as a basis for opinion testimony as to the value of the land was improper and resulted in an excessive verdict and judgment.

5) The judgment has no support in the evidence and is contrary to the weight of the evidence because it is based on opinion testimony as to values without any supporting factual data by the witnesses to support their opinion as to damages to the remainder.

6) There is no evidence to support the jury's answers to Issues 1, 2, 3, and 4, and/or such answers are contrary to the great weight and preponderance of the evidence.

Contention 1 is the trial court erred in overruling plaintiff's motions to dismiss under Article 3265 VATS.

Section 6 Article 3265 provides: "Where a plaintiff after appeal from an award, or after said proceeding has become a case for trial in court, desires to dismiss, abandon the proceedings, or refuse the jury verdict returned by the jury or by a court prior to entry of judgment, said plaintiff shall by motion be heard thereon, and the court hearing the same may as part of the terms in granting such motion, make an allowance to the landowner for reimbursement of his reasonable attorney's and appraiser's fees, shown to have been incurred, and reimbursement for all necessary expenses incurred by the filing and hearing of such condemnation case to date of such hearing on said motions; provided, however, plaintiff shall not be liable for any such fees or expenses in any case which may be dismissed upon its motion where such case is subsequently refiled, and where the court is advised by plaintiff in connection with any such motion that it intends to refile such case, and reasonable time for such refiling shall be allowed. All orders entered hereunder are appealable."

Plaintiff's 1st motion to dismiss the proceeding stated its intention to refile, reducing the area of the easement and condemn only a temporary rather than a permanent easement. This motion was overruled.

Plaintiff's 2nd motion to dismiss alleged its intention to abandon the proceeding in its entirety and that it could restore plaintiff's property to its original condition. This motion was overruled.

Plaintiff took possession of the property by agreement 14 months prior to trial and constructed the sewer line across it.

 The rule is (and was prior to the enactment of Section 6, Article 3265 in 1969) that a condemnor may elect to dismiss its condemnation proceedings at any time prior to judgment in the suit, pro-

vided there has been no taking of possession of the involved property under an order in a condemnation proceeding or under an agreement with the condemnee pending the proceedings. City of Houston v. Biggers, Tex.Civ.App., NRE, 380 S.W.2d 700; Leonard v. Small, Tex.Civ.App., Er.Ref., 28 S.W.2d 826; Brazos River Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W.2d 842; Huntsville Ind. Sch. Dist. v. Scott, Tex.Civ.App., NRE, 483 S.W.2d 344; City of Austin v. Capitol Livestock Auction Co., Tex., 453 S.W.2d 461; Rayburn, Texas Law of Condemnation p. 568.

Section 6, Article 3265 does not alter such rule. It merely provides a way for a landowner to be reimbursed for attorney's fees and other expenses where a condemnor institutes but later abandons suit.

Contention 2 complains of the trial court's admitting into evidence a small xerox plat of Lakeside Village Subdivision, and the Gifco contract, over objection that same were immaterial.

■ The sewer line across defendants' property was built to serve Lakeside Village. The plat of Lakeside Village under the record is harmless. Rule 434, Texas Rules of Civil Procedure.

The Gifco contract reflects that the developers of Lakeside Village were to pay one-half of the cost of the sewer line. Plaintiff asserts admission of this exhibit is comparable to admission of evidence that a party is covered by insurance, and was thus prejudicial to its case.

The City Manager of plaintiff testified without objection that the cost of the line was $120,000. and that the developers of Lakeside Village were to pay one-half the cost.

■ Plaintiff waived his objection to the admission of the Gifco contract by permitting the same evidence from another witness without objecting thereto. State v. Dickson, Tex.Civ.App., NRE, 401 S.W.2d 361; Lone Star Gas Co. v. Smith, Tex. Civ.App., NWH, 405 S.W.2d 238; Lone Star Gas Co. v. Mitchell, Tex.Civ.App., NWH, 407 S.W.2d 543; Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103; Medina Elec. Coop. v. Ball, Tex.Civ.App., NWH, 368 S.W.2d 227.

Contention 3 asserts the trial court erred in overruling objection to the testimony of the witness Mitchell as to the value of the land taken, since his opinion was based upon the land being developed and divided into lots and sold.

The witness Mitchell was owner of the land. He testified without objection the land was worth $60,000. to $80,000. per acre before the building of the sewer line, based on its highest and best use. He further testified if developed SF–2 (which it was zoned), the value would be $30,000. per acre. This involved dividing the acreage into 15 lots. Objection was made by plaintiff on the ground the property was "being developed and sold at retail." Thereafter Mr. Mitchell testified substantially the same on recross and cross examination, as did other witnesses without objection.

■ In condemnation suits the opinion of the owner as to value of his property is admissable. Gulf States Utilities v. Austin Tex.Civ.App., NRE, 439 S.W.2d 411; City of Teague v. Stiles, Tex.Civ.App., NRE, 263 S.W.2d 623; City of Houston v. Collins, Tex.Civ.App., NWH, 310 S.W.2d 697; State of Texas v. Berger, Tex.Civ.App., NRE, 430 S.W.2d 557.

■ And a condemnor waives right to complain of admission of evidence by permitting its introduction from the same witness or other witnesses without objection. See authorities under Contention 2.

■ Contention 4 complains of defendants' witnesses testifying as to values based on a plat made of the property showing a number of lots carved from the tract when the property was in fact unimproved unplatted land.

Defendants' witnesses O'Dell and Peoples testified as to their opinion of value based on the highest and best use for the property which was single family dwellings zoned SF–2. Their testimony was not objected to, and they were thoroughly cross examined regarding the land and damages from taking of the easement. Plaintiff itself introduced a proposed plat of defendants' property divided into lots, and cross examined plaintiff's witnesses on the assumption the land would be divided into lots for single family residences. Plaintiff's complaints were both waived and not preserved by failure to object.

■ Contentions 5 and 6 assert there is no evidence or insufficient evidence to support the findings of the jury and the judgment.

Defendant and two qualified realtors testified as to defendants' damages. The record reflects the sewer line crosses near the center of defendants' property taking some .084 of an acre; it reduces by 3 the number of lots which can be carved from the tract; nothing can be built over the line; many people will not buy property with an easement on it. The condemnor can travel or repair the line at any time; the development must be around the line; property will be lost; and engineering and other expenses will be increased.

The range of the testimony of the strip taken was $6,000. to $40,000. per acre before the taking; and $0 to $10,000. per acre after the taking. The range of the testimony of the value of the remainder was $30,000. to $200,000. before the taking, and $30,000. to $120,000. after the taking.

■ The jury's verdict has ample support in the evidence. Nevertheless defendants recognizing that the value of the strip taken had some value after the taking, has filed remittitur and release of judgment for $900.90 (which recomputes the value of the land after taking at $10,000 per acre which was the highest value placed on it by plaintiff's witness).

Such remittitur cures the finding of the jury of $0 as value of the land after taking. Texas Pipeline Co. v. Hunt, 149 Tex. 33, 228 S.W.2d 151.

Except as above all of plaintiff's points and contentions are overruled.

The judgment is reformed to reduce same by $900.90 (plus interest on such amount from date of taking), and as reformed is affirmed.

Reformed and affirmed.