STATE of Texas and McLennan County, Texas, Appellants,

v.

Richard L. SCHAEFER (Also Known As Richard L. Schafer), et al., Appellees.

No. 5410.

Court of Civil Appeals of Texas, Waco.

April 17, 1975.

Rehearing Denied May 22, 1975.

W. C. Haley, Waco, for appellants.

Dunnam, Dunnam & Dunnam, Waco, for appellees.

Opinion

McDONALD, Chief Justice.

This is a condemnation case wherein The State of Texas and McLennan Coun-

ty condemned and took .326 of an acre out of a .559 acre tract owned by defendants. Trial to a jury resulted in a verdict of $25,000. for the land taken, and $4,500. damage to the remainder. The trial court rendered judgment on the verdict for defendants for $7,500. ($29,500. less $22,000. deposited by the State after award by the Commissioners).

Plaintiffs appeal on 6 points contending:

1) The trial court erred in permitting the defendants to prove market value of their property taken by showing what it cost them to rebuild in another location (and to argue such to the jury).

2) The trial court erred in permitting counsel for landowners "to argue the market value issues to mean the amount of money that it would require to be invested to return $4100. per year to landowners.

3) The trial court erred in permitting counsel for landowners to argue "that a proper market value was ten times a rental value of $4100. per year".

4) The verdict and judgment are grossly excessive under the evidence.

5) The judgment should be reversed because of the cumulative effect of the errors committed by the trial court.

Contention 1 asserts the trial court erred in permitting defendants to prove the market value of their property by showing what it cost to rebuild in another location (and arguing such to the jury).

Defendants operated an implement business on the .559 acres for many years. The taking took almost all of their improvements, and did not leave sufficient land on which to operate the business. Defendants moved their business to a nearby location on the same highway.

Defendant Charles Schafer testified that the remainder was worth $8000. before the taking and $2000. after the taking; and that the property taken had a market value of $49,000. His brother testified he would give the same testimony.

The State's two witnesses fixed the before and after differences of the remainder at $3000. and $5000., and the value of the land taken at $12,195, and 12,045.

The jury found the before and after difference to be 4,500.; the value of the land taken to be $25,000.; and the trial court rendered judgment on such verdict.

Plaintiff objected to a a number of questions propounded to defendant Charles Schafer concerning his rebuilding of his buildings on a new location. Many of the questions were objected to, which the court overruled.

But there was other testimony as to the cost of reconstruction of the buildings admitted without objection. Thus plaintiff waived objection to the evidence. State v. Dickson, CCA, NRE, Tex.Civ. App., 401 S.W.2d 361, Lone Star Gas Co. v. Smith, CCA, NWH, Tex.Civ.App., 405 S.W.2d 238; Lone Star Gas Co. v. Mitchell, CCA, NWH, Tex.Civ.App., 407 S.W.2d 543; Medina Electric Coop. Inc., v. Ball, CCA, NWH, Tex.Civ.App., 368 S.W.2d 227; City of Rockwell v. Mitchell, CCA, NRE, Tex.Civ.App., 497 S.W.2d 378. Moreover plaintiffs' witness Robertson testified as to the cost of reconstruction of the kind of buildings on plaintiffs' property.

In any event from the record as a whole we think the matter harmless. Rule 434, Texas Rules of Civil Procedure.

Contentions 2 and 3 complain of defendants' counsels' argument of the market value issues to mean the amount of money required to be invested to return $4100. per year; and in arguing that a proper market value was ten times a rental value of $4100. per year.

Plaintiffs' witness Robertson testified the property was worth $15,325., and on cross

examination he calculated a gross rental value of $4147. per year. He testified the gross figure was before deduction for expenses, taxes and management, after which the net rental figure would be $2363. per year.

Counsel for defendant over objection argued to the jury that $4100. per year rental would require a value of ten times annual rental or $41,000.

■ Rental values and return on capital investment are matters proper for consideration in determining market value for measure of compensation to be paid for taking property in condemnation proceedings. State v. Haire, CCA, NRE, Tex. Civ.App., 334 S.W.2d 488; Brazos River Conservation and Reclam. Dist. v. Costello, CCA, NWH, Tex.Civ.App., 169 S.W.2d 977.

■ Assuming without deciding that the argument was improper, from the record as a whole we do not think the argument complained of was calculated to cause and probably did cause the rendition of an improper verdict. Rule 434 TRCP.

Contention 4 is that the verdict and judgment are grossly excessive under the evidence, and contention 5 is that the judgment should be reversed because of cumulative effect of errors.

■ As noted the landowners evidence was to value the land taken and the damage to the remainder at $55,000.; the State's witnesses valued the land taken and the damage to the remainder at approximately $17,360.; and the verdict and judgment of the trial court was for $29,500. The verdict and judgment are within the range of the evidence and we think same are not excessive.

All plaintiffs' contentions and points are overruled.

Affirmed.