CITY OF EL PASO, Appellant-Appellee,

v.

R. E. KNAPP et al.,
Appellees-Appellants.

No. 6590.

Court of Civil Appeals of Texas,
El Paso.

Feb. 23, 1978.

Diamond, Rash, Leslie & Smith, Tom M. Diamond, Jr., Richard E. Buck, El Paso, for appellant-appellee.

Merkin, Gibson & Hines, William L. Merkin, Sidney K. Gibson, Stephen A. Hines, El Paso, Meserve, Mumper & Hughes, Hodge L. Dolle, Jr., Ralph C. Navarro, Los Angeles, Cal., for appellees-appellants.

## OPINION

WARD, Justice.

This is a condemnation suit brought by the City of El Paso against the Appellees, R. E. Knapp and R. A. Knapp, for the taking on September 4, 1973, of six parcels of land containing a total of some 63.5 acres out of a larger tract of 1,230 acres of rural land owned by the Defendants. The purpose of the taking was to construct water and flood control dams, flood control channels, and flowage easements on the side of Mount Franklin, the mountain being located within the City of El Paso. Trial was to the Court without a jury and judgment was entered which awarded the landowners $625,260.00, $395,260.00 being for the value of the land taken, and $230,000.00 being the amount the remainder had diminished in value as a result of the taking. Findings of fact and conclusions of law were requested and filed. The City appeals complaining of the damages to the remainder and of the award of prejudgment interest to the landowners. The landowners likewise appeal and complain of the alleged inadequacy of the damage award to the remainder. We affirm.

The City first presents points complaining of the legal and factual insufficiency of the evidence to support the trial Court's finding that there was a diminution in market value of the remainder. In connection therewith, the City also presents a point complaining that the trial Court erred in overruling its motion to strike the testimony of the landowners relating to remainder damages as being based on improper and noncompensable methods of valuation. The City's position is that all of the testimony adduced by the witnesses for the landowners with regard to the severance damages presented specific items of damage without relating such items to diminution of market value.

The landowners' tract consisted of two sections of land containing 1,230 acres and lying on the eastern slope of Mount Franklin. The property is rugged and badly cut up by many arroyos running in an easterly direction off the side of the mountain. The highest and best use of the land was for a residential subdivision and shopping center. As found by the trial Court, the property contained 525 acres of developable land, and 705 acres of support land. The City, on the six parcels of land taken, constructed the different flood control facilities by agree-

ment with the U.S. Army Corps of Engineers.

The trial Court, in its findings of fact, determined that the remainder had been damaged for the following reasons: grading would be restricted between ownership lines by the requirement that certain elevations would have to be preserved to maintain the integrity of the contemplated development; the shapes of the parts taken were irregular, and this produced odd-shaped parcels in the remainder which would be difficult to use; the remainder between and below the dams would produce less attractive homesites; since two existing roads were blocked by the project, new roads would have to be built to develop the property; and, finally, should the developer desire to level any property for roads or homesites, the approval of the Corps of Engineers would have to be obtained. Damages to the remainder were determined as follows: thirty acres of the remainder had a market value immediately before the taking of $8,500.00 per acre, which market value was $3,500.00 per acre immediately after the taking; another thirty-four acres of the remainder had a market value immediately before the taking of $4,000.00 per acre, and this market value was $2,000.00 per acre immediately after the taking; a third tract of three acres had a market value immediately before the taking of $6,000.00 per acre, and the market value for this was $2,000.00 per acre immediately after the taking. The Court concluded that the Defendants were entitled to severance damages of: (a) $5,000.00 per acre as to the thirty acres, or the sum of $150,000.00; (b) $2,000.00 per acre as to the thirty-four acres, or $68,000.00; and (c) $4,000.00 per acre as to the three acres, or $12,000.00, all for a total damage of $230,000.00.

■ The City's witnesses all acknowledged that the landowners suffered damage to their remainder, but testified that special benefits conferred by the project benefited the remainder to the extent that its market value improved or was at least the same. On the other hand, the landowners' witnesses expressed the opinion that there were no project benefits. Each then adopted a partial approach to the remainder whereby they divided it into homogeneous units containing similar characteristics for development and attributed market valuations to each separate unit. They then gave various reasons why the project would damage the use of the various units, gave their opinion as to the amount of the lessened market value of each parcel, added these and arrived at their opinion figures of the lessened market value of the remainder after the taking. In this connection, we note that their breakdown into parcels for valuation purposes was not challenged. The City's complaint that each of these experts considered the cost of relocation of roads, the cost of the construction of a contemplated bridge because of the flood control construction, and other items, is without merit as each expert related the cost of the various expenses to a reduction of market value of each particular tract.

■ The rule and the supporting authorities are set out in *City of Texarkana v. Kitty Wells, Inc.*, 539 S.W.2d 205 (Tex.Civ. App.—Texarkana 1976, no writ). There it was stated:

" * * * The cost of relocating or reconstructing improvements cannot be recovered as separate and independent items of damages, but where by taking part of a tract a relocation or reconstruction of improvements is rendered necessary to the reasonable use and enjoyment of the remainder, and the burden of moving and reconstructing such improvements is cast upon the owner, then that burden, insofar as it depreciates the value of the land, is a proper element to be considered in estimating the damages. The land is depreciated in proportion to the expense, and the allowance is for diminution in the market value of the land *in consequence of the burden thus cast upon it. * * * *"

Since all items of expense and loss were properly related to market value, the City's first three points are without merit. In reviewing the legal sufficiency point, we have considered only the evidence and in-

ferences therefrom which support the award, and in reviewing the factual sufficiency point, we have considered all of the evidence, and the two points are overruled. Since the motion to strike was without merit, that point likewise is overruled.

■ The City's last point is to the effect that the trial Court erred in entering judgment that the City pay prejudgment interest from the date of the deposit of the amount of the award of the Special Commissioners to the date of the judgment. The trial Court allowed the statutory interest on that amount by which the judgment exceeded the award of the Special Commissioners, and the complaint by the City is that the landowners failed to plead for the interest. Here, the landowners, in their objections and exceptions to the award, prayed that they be awarded their just and full compensation, and for other and further relief, both general and special, at law and in equity, to which they may be justly entitled. That prayer was sufficient to support the trial Court's judgment of interest in the absence of a special exception. That rule in a condemnation case was settled in *Trinity River Authority of Texas v. Sealy & Smith Foundation*, 435 S.W.2d 864 (Tex.Civ. App.—Beaumont 1968, writ ref'd). The point is overruled.

The landowners' single point in their appeal is that the severance damage award is erroneous as being contrary to and against the overwhelming weight and preponderance of the evidence. The landowners argue that the trial Court, in its findings of remainder damage, tracked the identical testimony offered by the landowners' appraiser, Mr. Berry, in his testimony as to a thirty-acre tract, a thirty-four-acre tract, and a three-acre tract in arriving at the remainder damages of $230,000.00; that Mr. Berry also testified that the road replacement cost would be an additional $630,000.00; that the trial Court ignored this expense, yet all witnesses, City and landowners alike, testified that there would be landowner expense for rebuilding the roads, and all of their figures were in substantial amounts.

■ As previously pointed out, the various witnesses in their remainder damage testimony valued different parcels at different valuations. The witnesses also differed in the number of parcels upon which they placed separate valuations, some numbering the parcels from four to five, and others as high as fifteen. This brings us to the defect in the landowners' present complaint. While in its findings the trial Court did determine that new roads would have to be built, there is no finding as to which road it was considering and how much in road construction it allocated as lessened market value in the three tracts that it did consider. We have no way of knowing that the trial Court was considering each of the three tracts that Mr. Berry described. While admittedly the trial Court was probably referring to those three tracts, it is evident then that the Court did not adopt the Berry testimony on reduced valuation but valued them on its own conclusion from all of the other testimony in the case, and allocated to those tracts what it considered as reasonable road construction cost. We have read the record, and the Court's findings are well within the ranges of the valuation and road construction testimony, and are not grossly inadequate. Since no additional findings were requested by the landowners, the very general and rather ambiguous findings made by the trial Court compel this decision. After considering all of the testimony, the landowners' point is overruled.

The judgment of the trial Court is affirmed.